**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JAMES R. GARNER,
        *Defendant-Appellant.*

No. 06-10417

D.C. No.
CR-05-00553-WBS

OPINION

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Chief District Judge, Presiding

Argued and Submitted
May 15, 2007—San Francisco, California

Filed June 18, 2007

Before: Betty B. Fletcher, Eugene E. Siler, Jr.,* and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Hawkins

---

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge
for the Sixth Circuit, sitting by designation.

**COUNSEL**

Caro Marks, Assistant Federal Defender, Sacramento, California, for the appellant.

Camil A. Skipper, Assistant U.S. Attorney, Sacramento, California, for the appellee.

**OPINION**

HAWKINS, Circuit Judge:

This appeal tests the temporal and relational limits of prior conduct as a sentencing enhancement. In it, James Garner ("Garner"), sentenced to 262 months following his guilty plea conviction for two counts of attempted receipt of visual depictions of a minor engaged in sexually explicit conduct and six counts of distribution of visual depictions of a minor engaged in sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a)(2), contends the district court erred by using thirty-five-year-old conduct to enhance his sentence and that his resulting sentence is unreasonable. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Garner was first identified by federal authorities in 2002 when he responded to an internet advertisement placed by an undercover postal inspector, promising to deliver videos of young schoolgirls having sex. Garner sent the inspector two emails, indicating his preference for videos with very young children, seven to twelve years old, with their parents. Garner ordered one videotape, described as a video of a father with three girls aged eight, nine, and fourteen, and one ten-year-old boy. Garner also inquired if the undercover inspector had any tapes of a young boy (five to twelve years old) with his mother, and indicated he would like to order one of those as well. Garner sent $40 to the inspector with his home address, and also a follow-up letter inquiring about the package. The package was never sent.

In 2005, another postal inspector placed an advertisement on the Internet describing his collection of tapes of young girls having sex. Garner responded to this advertisement as well, indicating he preferred children from five to twelve years old, especially girls with parents involved. After exchanging some emails with the undercover inspector, he

ordered three videos, sending the inspector $45 along with a letter identifying the videos he wanted and providing the address of a friend for shipment.

In connection with a separate investigation by the Walnut Creek Police Department, U.S. Postal Inspectors executed a search warrant at Garner's residence in December 2005. Garner's computer contained numerous image files containing child pornography and hundreds of instant message chats with others about child pornography. In some instances, images had been transferred during the instant messages.

Garner waived his *Miranda* rights and admitted he had sought to purchase videotapes in 2002 and 2005, distributed and received child pornography over the Internet, and sexually molested at least two of his children or stepchildren when they were minors. He denied having sex with other minors and indicated that statements he had made in emails suggesting he had done so were merely fantasies.

The presentence report recommended a five-level increase in offense level because Garner had engaged in a "pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). Garner objected that the sexual abuse of his daughter and stepdaughter were too remote in time to be considered without violating due process. The district court disagreed and found by clear and convincing evidence that Garner had sexually abused his children and that the Guidelines permitted consideration of this conduct even though it had occurred some time ago.

Pointing to his age, health and lack of a prior record, Garner argued for a sentence of eleven to fifteen years. The government pointed to Garner's recent travel in northern California to meet other adults with the intent of sexually abusing children and Garner's recent inquiries to his daughter about the sex life of his minor granddaughter. The government argued that a sentence at the bottom of the range was

necessary to protect the public and to reflect the seriousness of the offense.[1]

Noting that Garner's history and characteristics were a major consideration, including his internet correspondence and his recent "perverted conversations" regarding his granddaughter with his daughter, the court sentenced Garner to 262 months. The court stated the sentence would reflect the seriousness of the crime, provide just punishment and protect the public from future crimes, noting that, if Garner were not imprisoned, he "would pose a danger to other people's children."

## STANDARD OF REVIEW

This court reviews "the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). This court reviews the ultimate post-*Booker* sentence imposed for "reasonableness." *United States v. Reina-Rodriguez*, 468 F.3d 1147, 1158 (9th Cir. 2006).

## DISCUSSION

### I.   "Pattern of Activity" Enhancement

[1] Garner argues that the district court erred by applying a five-level enhancement for "pattern of activity," because the prior conduct of sexually abusing his own children occurred at least thirty-five years earlier. Section 2G2.2(b)(5) of the Guidelines permits a five-level increase in offense level "if the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." The Commentary to this Guideline defines "pattern of activity" as "any combina-

---

[1] The sentencing range was 262 to 327 months.

tion of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." U.S.S.G. § 2G2.2, cmt. n.1.

**[2]** Garner does not contest the district court's finding that he had previously engaged in sexual abuse of a minor; rather, he argues only that the conduct is too remote in time to be considered. We have previously held that the application note to § 2G2.2 makes clear that the sentencing court may properly consider "expanded relevant conduct," that is, conduct that did not occur during or in connection with the offense of conviction. *United States v. Williamson*, 439 F.3d 1125, 1139-40 (9th Cir. 2006); *see also United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998); *United States v. Ashley*, 342 F.3d 850, 852 (8th Cir. 2003). In *Williamson*, however, we did not consider whether there is any temporal restriction on the use of such prior conduct.

**[3]** The plain language of the Commentary to § 2G2.2 eliminates the need for any temporal or factual nexus between the offense of conviction and any prior act of sexual abuse or exploitation; the provision obviously intends to cast a wide net to draw in any conceivable history of sexual abuse or exploitation of children. And indeed, in applying this section, other circuits have affirmed the enhancement even when the prior acts were quite temporally remote. *United States v. Gawthrop*, 310 F.3d 405, 413-14 (6th Cir. 2002) (eleven years earlier); *United States v. Woodward*, 277 F.3d 87, 89-91 (1st Cir. 2002) (twenty to twenty-three years earlier); *United States v. Lovaas*, 241 F.3d 900, 901 (7th Cir. 2001) (twenty-six years earlier).

Recognizing the broad sweep of this provision, Garner argues that to expand relevant conduct to include thirty-five-year-old actions violates due process. Substantive due process, however, requires only that a sentencing scheme be

rational and not based on "arbitrary distinction." *Chapman v. United States*, 500 U.S. 453, 465 (1991). Garner does not explain how the use of older but admittedly relevant conduct is "arbitrary" or "irrational." The courts have, for some time, recognized that such prior conduct demonstrates an increased danger of recidivism. *See Parke v. Raley*, 506 U.S. 20, 27 (1992) (recidivism statutes repeatedly upheld against due process and other challenges); *United States v. Bredy*, 209 F.3d 1193, 1197-98 (10th Cir. 2000) (eighteen-year-old and twenty-seven-year-old prior robbery convictions used to support three-strikes conviction not arbitrary and did not violate due process).

**[4]** Moreover, the particularly high danger of recidivism of sex offenders is well-known and has been used to support various other laws, such as sex-offender registration requirements. *See Smith v. Doe*, 538 U.S. 84, 102-03 (2003); *see also McKune v. Lile*, 536 U.S. 24, 34 (2002) (risk of sex-offender recidivism is "frightening and high"). Thus, the Sentencing Commission could easily have a rational basis for increasing the sentences of defendants who have previously sexually abused or exploited children, and then later receive, possess, or distribute material involving the sexual exploitation of children, even if years later. We, therefore, affirm the district court's application of the § 2G2.2(b)(5) enhancement.

## II.   Reasonableness

**[5]** When there is no material error in the district court's calculation of the Guidelines range, we consider whether the ultimate sentence imposed by the district court was "reasonable." *Reina-Rodriguez*, 468 F.3d at 1158. In making this determination, we are guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the range established by the Guidelines. *United States v. Nichols*, 464 F.3d 1117, 1124-25 (9th Cir. 2006).

The district court rejected Garner's argument that the sentence imposed was greater than necessary to meet the goals of sentencing, given his age, poor health, and vulnerability in prison, in light of both the seriousness of the offense and Garner's history of sexual abuse of his own children. Tying that history and Garner's recent actions, including his recent perverted conversations regarding his granddaughter with his daughter, the district court concluded it had "no reason to think that you're not still the same person that you were when you committed these acts against your children."

**[6]** Garner's sentence also reflects the seriousness of the offense and provides just punishment. The district court was especially concerned about protecting the public from future crimes and believed Garner would pose a danger to other children if not in prison. The court then sentenced Garner to 262 months in prison, the low end of the Guideline range. Recognizing that this meant Garner would probably spend the rest of his life in prison, the court urged him to do things while in prison to try to rectify what he had done in the past.

**[7]** On these facts, we cannot say that the 262-month sentence is unreasonable. As the government argues, despite his age and health, Garner remained a threat to children. The district court was clearly aware of the probable consequences of its sentence, yet felt this sentence was necessary to provide a just punishment and to protect other children from Garner. That a lesser sentence might also have been reasonable does not make this particular sentence unreasonable. *See Nichols*, 464 F.3d at 1126. Reflecting the seriousness of the sexual exploitation of children, we have previously found quite lengthy sentences to be reasonable. *See Williamson*, 439 F.3d at 1140 (statutory maximum 180-month sentence for distributing child pornography not unreasonable); *see also United States v. Stewart*, 462 F.3d 960, 964 (8th Cir. 2006) (300-month sentence for possessing and transmitting child pornography not unreasonable); *United States v. Cunningham*, 405 F.3d 497, 505-06 (7th Cir. 2005) (210-month sentence for

producing child pornography not unreasonable). We are satisfied from our review of the record that the district court's sentencing decision was reasonable in light of the policies set forth in § 3553(a).

**AFFIRMED.**