**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Randy Joe PERRY, Defendant–**
**Appellant.**

**No. 07–50489.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed June 6, 2008.

Bruce C. Smith, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, SILVERMAN, and BERZON, Circuit Judges.

MEMORANDUM *

Randy Joe Perry appeals from the 37–month sentence imposed following his guilty-plea conviction for transportation of aliens, and aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(a)(1)(A)(v)(II). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Perry contends that the district court erred in refusing to grant a minor participant adjustment, pursuant to United States Sentencing Guidelines § 3B1.2(b). In light of Perry's role in the criminal scheme and his conduct in avoiding apprehension and disobeying the order of the border patrol to proceed to secondary inspection, the district court did not err, in the particular circumstances of this case, in denying the § 3B1.2(b) adjustment. *See United States v. Hernandez–Franco,* 189 F.3d 1151, 1160 (9th Cir.1999) (citing standard). The record reflects that the district court properly considered the § 3553(a) factors, including the kinds of sentences available and the need to avoid unwarranted sentencing disparities. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc). The district court was permitted to take into account systemic concerns about the sentencing process and the applicable Guidelines range. *See Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 575, 169 L.Ed.2d 481 (2007). The district court's reliance on Perry's drug use as grounds for justifying his sentence was not impermissible, because the district court linked the need to deter Perry from future drug use with the goal of affording adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B).

Taking into account "the totality of the circumstances, including the extent of [the] variance from the Guidelines range," we conclude that Perry's sentence was reasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *see also United States v. Garner,* 490 F.3d 739, 744 (9th Cir.2007) ("That a lesser sentence might also have been reasonable does not make this particular sentence unreasonable.").

**AFFIRMED.**

BERZON, Circuit Judge, dissenting:

I would reverse and remand for resentencing. The district court applied an erroneous legal standard in determining whether the Sentencing Guidelines' minor role adjustment applies. Perry's conduct in attempting to avoid apprehension, especially his abandonment of the vehicle with the aliens still trapped in the trunk, in no way indicated that his role in the criminal scheme suddenly expanded beyond the "minor" category. If anything, it indicated the opposite: He was trying to save his own skin, not take it upon himself to make the criminal scheme succeed.

That there may be alternative bases in the record for denying the adjustment—which I tend to doubt—does not justify affirmance. The district court made quite plain that he was relying on the flight, not on other circumstances. I would therefore remand for resentencing.