FILED

MAY 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30265 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00419-JCC-1 |
| v. | |
| MICHAEL EUGENE MCCLAIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 4, 2011[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Michael McClain appeals his jury conviction and sentence for being a felon

in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

The case against McClain relied primarily upon the testimony of an informant,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

who was McClain's girlfriend at the time. The informant initially alerted law enforcement that McClain and two friends were planning to rob a house that was known to have marijuana and cash. Based on subsequent indications from the informant that McClain had a gun and was moving forward with the plan, law enforcement arrested McClain for possession of the gun. On appeal, McClain contends that the district court abused its discretion by allowing evidence of the robbery plan at trial and by enhancing his sentence on the ground that he planned to use the gun to commit the robbery. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.[1]

"[T]he district court's admission of evidence is reviewed for an abuse of discretion." *United States v. Hernandez*, 109 F.3d 1450, 1452 (9th Cir. 1997) (per curiam). The district court's application of the sentencing guidelines to the facts is reviewed for an abuse of discretion, and its findings of fact in support of the sentence are reviewed for clear error. *United States v. Garner*, 490 F.3d 739, 742 (9th Cir. 2007).

1. McClain contends that the district court abused its discretion by allowing evidence of the robbery plan at trial, over his objection, because there was

---

[1] The parties are familiar with the facts, and we repeat them here only as necessary to explain our decision.

insufficient evidence linking the robbery plan to his possession of the gun. He contends that the evidence of the robbery plan was impermissible character evidence under Federal Rule of Evidence 404(b). To the contrary, the evidence introduced at trial sufficiently raised the inference that McClain intended to use the gun as part of the robbery plan. Within a few weeks of his arrest, McClain had discussed the robbery plan with a friend, including the possibility of breaking into the targeted house through a bottom window. The day prior to his arrest, McClain picked up the gun from another friend who was part of the robbery plan. On the night of the arrest, the informant warned law enforcement that McClain had the gun with him, was agitated, and was moving forward with the plan.

While the informant's testimony was the main evidence of the robbery plan, her testimony was supported by independent evidence. McClain was found with the address of the targeted house in his wallet, and the owner of the house testified that McClain's friend knew the house contained drugs and cash. Although McClain has suggested reasons why the evidence might have been discredited or interpreted differently, such arguments do not undercut the sufficiency of the evidence. *Cf. United States v. Magallon-Jimenez*, 219 F.3d 1109, 1114 (9th Cir. 2000) ("It is the province of the trier of fact 'to determine the credibility of

3

10-30265

witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.'").

As the district court concluded, the evidence of the planned robbery was admissible because it explained the context in which McClain's possession offense occurred. *United States v. Collins*, 90 F.3d 1420, 1428-29 (9th Cir. 1996). The evidence was also admissible under Rule 404(b) because it tended to prove the material fact that McClain knowingly possessed the gun, the possession was contemporaneous with the robbery plan, and, if credited, the evidence sufficiently supported the alleged robbery plan. *See United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992). Accordingly, the district court did not abuse its discretion in admitting evidence of the robbery on either of these bases.

2. McClain contends that the district court improperly enhanced his sentence under U.S.S.G. § 2K2.1(b)(6) based on the alleged robbery plan because the evidence of the plan was thin, as was the evidence connecting the gun to the plan. As noted, the evidence was sufficient. Thus, the district court did not commit clear error in finding that McClain intended to use the gun as part of the robbery plan and did not abuse its discretion in enhancing his sentence accordingly.

**AFFIRMED.**