# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2011

Lyle W. Cayce
Clerk

No. 10-40088

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WELLES D. BACON

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:

Welles Bacon ("Bacon") appeals his sentence for child pornography possession, challenging only the district court's application of the five-level sentencing enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2G2.2(b)(5) for a pattern of activity involving the sexual abuse or exploitation of a minor. He argues that the activities in question are too remote as they occurred thirty years ago. We agree with our sister circuits which have unanimously concluded that such remote-in-time occurrences may be considered and AFFIRM the district court's sentence.

No. 10-40088

## I. Background

Pursuant to a plea agreement, Bacon pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A). During the preparation of the presentence investigation report ("PSR"), a probation officer interviewed three of Bacon's five daughters. Two of the now-grown daughters interviewed reported that Bacon had sexually molested them when they were children. Using the 2008 Sentencing Guidelines, the PSR included a five-level enhancement for a pattern of activity involving the abuse or exploitation of a minor, yielding an offense level of thirty-three.

During his sentencing hearing, four of Bacon's daughters testified, three claiming to have been molested as children. Bacon admitted to having molested two of them, but denied having molested the third. Bacon objected to the "pattern of activity" sentencing enhancement on two grounds: (1) the sexual abuse of his daughters, having occurred over thirty years earlier, was too remote in time to be considered, and (2) the offense of conviction was "vastly different from the remote conduct that [was] being used for enhancement." The district court, noting that several other circuits have held that remote-in-time occurrences may be considered in applying a "pattern of activity" enhancement, overruled Bacon's objection and applied the enhancement. The resulting Guidelines sentence was 120 months, the statutory maximum for Bacon's offense. The court sentenced Bacon to the statutory maximum sentence, and Bacon timely appealed.

## II. Analysis

On appeal, Bacon renews his objection to the application of the five-level "pattern of activity" enhancement on the ground that the molestation of his daughters, occurring more than thirty years earlier, is too remote in time to be

considered. We review a district court's application of the Sentencing Guidelines de novo. *See United States v. Torres*, 601 F.3d 303, 305 (5th Cir. 2010).

The commentary to U.S.S.G. § 2G2.2(b)(5) defines "pattern of activity involving the sexual abuse or exploitation of a minor" as:

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

U.S. SENTENCING GUIDELINES MANUAL § 2G2.2 cmt. n.1 (2008). Although it is an issue of first impression in this circuit, six other circuits have held that a sentencing court can consider remote-in-time occurrences to establish a "pattern of activity" under § 2G2.2. *See United States v. Turner*, 626 F.3d 566, 572-73 (11th Cir. 2010) (applying the enhancement where the abusive incidents occurred 20 years prior to sentencing); *United States v. Olfano*, 503 F.3d 240, 243 (3d Cir. 2007) (considering convictions from 16 and 13 years earlier); *United States v. Garner*, 490 F.3d 739, 742-43 (9th Cir. 2007) (involving activity occurring "at least 35 years earlier"); *United States v. Gawthrop*, 310 F.3d 405, 414 (6th Cir. 2002) (considering an 11-year-old conviction); *United States v. Woodward*, 277 F.3d 87, 90-92 (1st Cir. 2002) (relying on convictions from 22 and 27 years earlier); *United States v. Lovaas*, 241 F.3d 900, 903-04 (7th Cir. 2001) (involving abuse from 26 years earlier).

A district court may consider all "relevant conduct" when fashioning a sentence. *See United States v. Fowler*, 216 F.3d 459, 461 (5th Cir. 2000). Bacon argues that remote-in-time conduct that is not part of the offense of conviction cannot be "relevant conduct." However, the term "relevant conduct" is defined in several ways by the Guidelines. As other circuits have noted, the plain language of § 2G2.2(b)(5) and its commentary do not require that the "pattern of activity" must be close in time or related to the offense of conviction. *See, e.g*,

No. 10-40088

*Turner*, 626 F.3d at 573 ("Nothing in § 2G2.2(b)(5) or its commentary suggests that the 'pattern of activity' must be temporally close to the offense of conviction."); *Garner*, 490 F.3d at 743 ("The plain language of the Commentary to § 2G2.2 eliminates the need for any temporal or factual nexus between the offense of conviction and any prior act of sexual abuse or exploitation."). Rather, the Guidelines commentary specifies that a sentencing court may consider conduct not occurring during the course of the offense of conviction. *See* U.S. SENTENCING GUIDELINES MANUAL § 2G2.2 cmt. n.1. Thus, "relevant conduct" under § 2G2.2 is intended to be more broadly construed than the general relevancy provisions found in § 1B1.3. *See* U.S. SENTENCING GUIDELINES MANUAL app C. at 473 (2008) (Amendment 537) ("[T]he conduct considered for purposes of the 'pattern of activity' enhancement is broader than the scope of relevant conduct typically considered under § 1B1.3 (Relevant Conduct)."); *see also Lovaas*, 241 F.3d at 904 & n.5.[1] All that is necessary under the plain language of § 2G2.2(b)(5) and its commentary are two or more separate instances of sexual abuse or exploitation of a minor. *See Turner*, 626 F.3d at 573; *Garner*, 490 F.3d at 743. Bacon's admitted molestation of two of his daughters is therefore sufficient for the application of the "pattern of activity" enhancement, regardless of when it occurred or whether it is "related" to his possession of child pornography.

Bacon argues that due process and the rule of lenity counsel against an interpretation of the Guidelines that considers conduct occurring thirty years earlier. Because we find that the plain language of the relevant guideline is not

---

[1] *United States v. Wall*, 180 F.3d 641 (5th Cir. 1999), upon which Bacon relies, is thus inapposite. In *Wall*, this court determined that drug offenses which were dissimilar to the offense of conviction and occurred four and five years afterward were not "part of the same course of conduct or part of a common scheme or plan as the offense of conviction" under U.S.S.G. § 1B1.3(a)(2). 180 F.3d at 645. As noted above, the conduct a court may consider under § 2G2.2's "pattern of activity" enhancement is broader than the conduct a court may consider under § 1B1.3.

No. 10-40088

ambiguous, the rule of lenity does not apply. *See United States v. Hubbard*, 480 F.3d 341, 350 (5th Cir. 2007) ("As considered above, the statute is not ambiguous in this regard, and the rule of lenity is not implicated."). Similarly, consideration of remote-in-time conduct does not violate due process. A guideline violates due process only if it has no rational basis or is subject to arbitrary application. *See United States v. Molina*, 469 F.3d 408, 413-14 (5th Cir. 2006); *see also Garner*, 490 F.3d at 743 ("[The defendant] does not explain how the use of older but admittedly relevant conduct is 'arbitrary' or 'irrational.'"). This court has frequently noted the increased risk of recidivism associated with the sexual abuse and exploitation of children. *See, e.g.*, *United States v. Brigham*, 569 F.3d 220, 234 (5th Cir. 2009) (upholding the district court's special conditions of supervised release because of "the reprehensibility of child pornography, the harm to society's children that results therefrom, and the undisputed likelihood of recidivism"); *United States v. Allison*, 447 F.3d 402, 407 (5th Cir. 2006) (upholding upward departure of lifetime supervised release because of "the general notion that pedophiles are typically recidivists"). Therefore, the consideration of even remote-in-time conduct is not irrational in applying the "pattern of activity" enhancement.[2]

We join our six sister circuits who have held that remote-in-time conduct is relevant to § 2G2.2's "pattern of activity" enhancement. The judgment of the district court is AFFIRMED.

---

[2] Bacon also challenges the substantive reasonableness of his sentence. Because Bacon did not challenge the substantive reasonableness of his sentence before the district court, we must review only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Bacon has not shown that the district court's sentence of ten years, which was within the Guidelines range and therefore presumptively reasonable, was plainly unreasonable.