NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 1, 2011
Decided November 2, 2011

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3867

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:10-CR-10078-001 |
| DALE DEAN TENNISON, <br> *Defendant-Appellant.* | Michael M. Mihm, <br> *Judge*. |

**O R D E R**

Dale Tennison traded thousands of images and videos of child pornography using online messaging software. He pleaded guilty without a plea agreement to transporting child pornography, 18 U.S.C. § 2252A(a)(1), and receiving child pornography, *id.* § 2252A(a)(2)(A). The district court sentenced him to 336 months' imprisonment—24 months below the low end of his guidelines range. Tennison filed a notice of appeal, but his counsel moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967), because he cannot find any nonfrivolous argument to pursue on appeal. Tennison has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the

potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Because Tennison told his attorney that he wants to set aside his guilty pleas, counsel first considers whether Tennison's pleas were knowing and voluntary. Tennison did not move to withdraw his guilty pleas in the district court, so we would review his plea colloquy for plain error. *See* FED. R. CRIM. P. 52(b); *Puckett v. United States*, 129 S. Ct. 1423, 1432–33 (2009); *United States v. Anderson*, 604 F.3d 997, 1001 (7th Cir. 2010). We agree with counsel that any argument challenging the adequacy of the plea colloquy or the voluntariness of Tennison's guilty pleas would be frivolous. The court advised Tennison, among other things, of the rights he would give up by pleading guilty and the minimum and maximum sentences that he faced. The court also determined that Tennison was competent to enter a plea and had not been forced or coerced to do so. *See* FED. R. CRIM. P. 11(b). The government recounted the factual allegations against Tennison, and he admitted that the allegations were true. Although the district court did not tell Tennison that his right to counsel would extend beyond trial to "every other stage of the proceeding," *see* FED. R. CRIM. P. 11(b)(1)(D), Tennison must have known this because he had been represented by counsel throughout the proceedings. *See United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). The open plea of guilty memorandum that Tennison acknowledged having read in his plea colloquy informed him of this right, and the omission did not affect Tennison's substantial rights, *see* FED. R. CRIM. P. 11(h).

Counsel then considers whether Tennison could challenge the denial of his objection to the five-level adjustment for a pattern of activity involving the sexual abuse or exploitation of a minor. *See* U.S.S.G. § 2G2.2(b)(5). The district court based the adjustment on Tennison's conviction in 1978 for contributing to the sexual delinquency of a child and a 2003 battery conviction for an incident in which Tennison "placed his hand on [a minor's] crotch." Before he was sentenced, Tennison argued that these acts could not constitute a pattern because they were too remote from each other in time and too different in kind. (He did not dispute the court's finding that he had sexually abused a minor on two occasions.)

Tennison's argument is unpersuasive. The application note to § 2G2.2(b)(5) defines a "pattern of activity" to mean "*any combination* of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant," U.S.S.G. § 2G2.2, cmt. n.1 (emphasis added); no temporal or qualitative limitation appears in the note's text. In *United States v. Lovaas*, 241 F.3d 900, 903–04 (7th Cir. 2001), we held that incidents of sexual abuse 26 years apart were sufficient to trigger a five-level upward adjustment under § 2G2.2(b)(5). *See also United States v. Nance*, 611 F.3d 409, 413 (7th Cir. 2010). Six other circuits have likewise concluded that § 2G2.2(b)(5) permits sentencing courts to consider remote-in-time conduct. *See United States v. Bacon*, 646 F.3d 218, 220–21 (5th Cir. 2011); *United States v.*

*Turner*, 626 F.3d 566, 572–73 (11th Cir. 2010); *United States v. Olfano*, 503 F.3d 240, 243 (3d Cir. 2007); *United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007); *United States v. Gawthrop*, 310 F.3d 405, 414 (6th Cir. 2002); *United States v. Woodward*, 277 F.3d 87, 90–92 (1st Cir. 2002).

Counsel lastly recognizes that any challenge to the reasonableness of Tennison's sentence would be frivolous. We presume that a below-guidelines sentence is reasonable, *United States v. Berg*, 640 F.3d 239, 255 (7th Cir. 2011); *United States v. West*, 628 F.3d 425, 431 (7th Cir. 2010), and counsel cannot identify any reason to disregard that presumption.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.