# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 15, 2012

Lyle W. Cayce
Clerk

No. 11-50317
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY ALLEN GERHOLDT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-209-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Timothy Allen Gerholdt appeals the sentences imposed following his guilty plea convictions for distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b). He argues that the district court failed to state adequate reasons for the sentences imposed and that the sentences are therefore procedurally unreasonable. Next, he argues that the sentences are substantively unreasonable because Congress has diverted from the goal of proportionality of sentences in connection with the child pornography Guidelines, because United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States Sentencing Guidelines § 2G2.2 is not based on empirical evidence, and because § 2G2.2 does not comply with the mandates of 18 U.S.C. § 3553(a). He reasons that the circumstances of his case militate in favor of a below-guidelines sentence. Although conceding that his argument regarding an empirical basis is foreclosed by this court's precedent, he raises the issue to preserve it for further review.

Because Gerholdt did not raise the specific ground of inadequate reasons in the district court, his argument of procedural unreasonableness is reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1428-29 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1429.

The record in the instant case reflects that the district court listened to and considered Gerholdt's arguments for a below-guidelines sentence but found the circumstances insufficient to warrant a lesser sentence in light of the Guidelines and § 3553(a). *See Rita v. United States*, 551 U.S. 338, 358 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). The district court's failure to give additional reasons does not constitute plain error. In addition, to show that the purported failure to give adequate reasons affected his substantial rights, Gerholdt must show that it affected the outcome, i.e., that further explanation would have resulted in a lesser sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65. He makes no such showing.

Because Gerholdt's sentences are within the applicable guidelines range, they are "presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita,* 551 U.S. at 347. We previously have rejected substantive unreasonableness arguments similar to those raised by Gerholdt. *See United States v. Miller*, 665 F.3d 114, 119-26 (5th Cir. 2011); *United States*

*v. Bacon*, 646 F.3d 218, 222 n. 2 (5th Cir. 2011).  As Gerholdt fails to rebut the presumption of reasonableness afforded to his sentences, they are AFFIRMED.