**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30330 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00015-SEH-1 |
| v. | |
| CLEMENT DAVID KING, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30031 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00015-SEH-1 |
| v. | |
| CLEMENT DAVID KING, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted February 7, 2012
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and GOULD, Circuit Judges, and BEISTLINE, Chief District Judge.[**]

Clement King challenges his convictions for sexual abuse of a minor and attempted receipt of child pornography. He also challenges his sentence as procedurally and substantively unreasonable.

The district court did not abuse its discretion in admitting the parties' stipulation that King had previously been adjudicated a juvenile delinquent for sexual abuse of a minor. The district court applied the factors of *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001), and properly concluded that the probative value of the stipulation was not substantially outweighed by the prejudicial effect. The juvenile and adult offenses were similar and close in time, and the evidence was necessary to rebut King's argument to the jury on each count that he had not committed the offense. *See id*. at 1028–29.

The Federal Juvenile Delinquency Act provision that "records shall be safeguarded from disclosure to unauthorized persons," 18 U.S.C. § 5038(a), does not apply. A statutory exception directs that "records shall be released to the extent necessary to meet the following circumstances: (1) inquiries from another court of law." § 5038(a)(1). King also contends that after *Roper v. Simmons*, 543

---

[**] The Honorable Ralph R. Beistline, Chief United States District Judge for the District of Alaska, sitting by designation.

U.S. 551 (2005), it is inappropriate to introduce evidence of juvenile adjudications. That case addressed the inappropriateness of imposing the death penalty on a juvenile, however, and does not otherwise affect juvenile proceedings.

In sentencing, the district court did not err in considering King's juvenile adjudication under U.S.S.G. § 2G2.2(b)(5). *See United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007). The district court nonetheless procedurally erred in calculating the Guidelines range. King was charged with both offenses in a single superseding indictment. The district court separated the two offenses for trial, but declined to continue sentencing on count 1 until after trial on count 2. At sentencing on count 2, the court treated King's conviction on count 1 as a specific offense characteristic. It therefore erred in not recognizing that the counts involved substantially the same harm, *see* U.S.S.G. § 3D1.2(c), and should have been grouped. The district court reasoned that the offense was listed as an excluded offense under subsection (d). Such offenses, however, may nonetheless be grouped under subsection (c). *See, e.g.*, § 3D1.2(d) ("Exclusion of an offense from grouping under this subsection does not necessarily preclude grouping under another subsection."); *United States v. Tank*, 200 F.3d 627, 632–33 (9th Cir. 2000). The court imposed two consecutive sentences at the top ends of their respective

3

ranges. The upper end of the single properly calculated advisory range, however, is 103 months lower than the sentence the district court imposed.

As we hold the district court committed procedural error, we need not consider now King's argument that the district court's sentence was substantively unreasonable.

Sentence **VACATED** and **REMANDED** for resentencing.