*308 DeMOSS, Circuit Judge, dissenting:
The sole issue in this appeal is whether Goluba’s “conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor” within the meaning of the second element of U.S.S.G. § 2G2.2(b)(l). To answer that question, the court must first determine the type and scope of “other conduct” that the Sentencing Commission intended would prevent a defendant from qualifying for the reduction. While that issue has not yet been addressed by this circuit, or apparently any other, the majority’s opinion clearly misses the mark.
The majority seems to suggest that any relevant, sexually deviant conduct by a defendant — not just conduct involving child pornography — will preclude application of § 2G2.2(b)(l)’s two-level reduction. It reasons as follows: (1) courts consider relevant conduct, as defined by the Guidelines, when determining whether a defendant qualifies for a reduction; (2) the reduction under § 2G2.2(b)(l) applies only when a defendant’s conduct was limited to the receipt or solicitation of child pornography; and (3) § 2G2.2(b)(l) does not explicitly state that only conduct involving child pornography should be considered when determining whether that requirement is satisfied. Applying that standard, the majority notes that Goluba sent a sexual photograph of himself to a minor in November of 2009, and that he engaged in the online solicitation of a minor and discussed his interest in sexually exploiting children with others. The majority concludes that, in light of those acts, Goluba’s conduct was not limited to “that of a mere viewer of child pornography” and he does not qualify for the reduction.
There are several problems with the majority’s reasoning. First, and most glaring, the conduct that the majority contends precludes the reduction is not relevant conduct as defined by the Sentencing Guidelines. As the majority itself notes, when calculating a defendant’s offense level, “the district court may consider acts in addition to the acts underlying the offense of conviction so long as those other acts constitute ‘relevant conduct’ as defined by the guidelines.” United States v. Fowler, 216 F.3d 459, 461 (5th Cir.2000) (emphasis added); see also U.S.S.G. § lB1.3(a). The Guidelines define relevant conduct as “all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant ... that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.” § lB1.3(a).
Goluba pleaded guilty to a one count indictment that charged him with receiving child pornography between February 1, 2010, and March 1, 2010, in violation of 18 U.S.C. § 2252(a)(2). The indictment lists the file names of two pornographic images that Goluba received. The files are dated February 25, and 27, 2010, and Goluba admitted in the factual resume accompanying his plea that he downloaded those images from the Internet. The factual resume does not discuss the photo that Goluba sent to the minor, or any of the other conduct that the majority asserts precludes the two-level reduction.
Goluba sent the picture to the minor in November of 2009, months before the time period set forth in the indictment. That conduct, therefore, could not have occurred “during the commission of the offense of conviction.” § lB1.3(a). Nor is there any indication that Goluba sent the picture in preparation to download the images he was charged for receiving, or in the course of attempting to avoid detection or responsibility for that offense. The majority also points to the fact that Goluba *309 admitted, during his interview with Arlington police officers, that he had engaged in the online solicitation of a minor and that he had e-mail discussions about having sex with children. The PSR, however, provides no information as to when that conduct occurred. Rather, it suggests that Goluba simply admitted to having done those things at some point in the past. Consequently, there is no basis to conclude that that conduct occurred “during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.” Id.
The majority also fails to provide any meaningful direction as to the type of conduct a district court should consider when determining whether a defendant’s conduct was limited to the receipt or solicitation of child pornography within the meaning of § 2G2.2(b)(1). The only support the majority provides for its conclusion that the conduct considered need not involve child pornography is that § 2G2.2(b)(1) does not explicitly state otherwise. Again, § 2G2.2(b)(1) provides that, to qualify for the reduction, “the defendant’s conduct [must have been] limited to the receipt or solicitation of material involving the sexual exploitation of minor.” Obviously, § 2G2.2(b)(1)’s language does not explicitly exclude any type of conduct from being considered when determining whether that requirement is satisfied. Thus, under the majority’s reasoning, the conduct need not involve the sexual exploitation of a child, or even be sexual in nature. Indeed, by that reasoning the district court can consider any conduct whatsoever when deciding whether a defendant’s conduct was “limited” to the receipt or solicitation of child pornography. That standard, however, is no standard at all, and lends itself to arbitrary application of the reduction and raises serious due process concerns. See United States v. Bacon, 646 F.3d 218, 221-22 (5th Cir.2011) (“A guideline violates due process only if it has no rational basis or is subject to arbitrary application.”).
Finally, the majority’s opinion ignores the guidance provided in the Guidelines as to the intended purpose and proper application of § 2G2.2(b)(1). The commentary accompanying Guidelines Amendment 664, which added § 2G2.2(b)(1), provides as follows:
The amendment also provides a two-level decrease at § 2G2.2(b)(l) for a defendant whose base offense level is 22, whose conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor, and whose conduct did not involve an intent to traffic in or distribute the material. Thus, individuals convicted of receipt of child pornography with no intent to traffic or distribute the material essentially will have an adjusted based offense level of 20, as opposed to an offense level of 22, for receipt with intent to traffic, pri- or to application of any other specific offense characteristics. The Commission’s review of these cases indicated the conduct involved in such “simple receipt” cases in most instances was indistinguishable from “simple possession” cases. The statutory penalties for “simple receipt” cases, however, are the same as the statutory penalties for trafficking cases. Reconciling these competing concerns, the Commission determined that a two-level reduction from the base offense level of level 22 is warranted, if the defendant establishes that there was no intent to distribute the material.
U.S.S.G. app. C, amend. 664 (2004).
The commentary makes clear that § 2G2.2(b)(l) was intended to establish an adjusted base offense level for defendant’s charged with “simple receipt” of child por *310 nography to counteract the disparity in mandatory sentences between simple receipt and simple possession offenses. Against this backdrop, and in light of the statutory framework for the offenses covered by § 2G2.2, subsection (b)(1)’s “conduct limited to” language makes perfect sense.
As the majority notes, § 2G2.2 covers the child pornography offenses set forth in 18 U.S.C. §§ 1466A, 2252, 2252A(a)-(b), and 2260(b). Sections 1466A, 2252, and 2252A group receipt of child pornography with other child pornography offenses in establishing the applicable minimum and maximum sentences, while providing separate, less severe minimum and maximum sentences for simple possession offenses. For example, under § 1466A(a) a conviction for production, distribution, receipt, or possession with intent to distribute child pornography requires a sentence no less than five years and no more than twenty, while a conviction for simple possession requires no minimum sentence and a maximum sentence of ten years.[1] See § 1466A(a)-(b). Similarly, under § 2252 a conviction for the transportation, shipment, receipt, distribution, sale, or possession with intent to sell child pornography requires a minimum sentence of five years, and a maximum of twenty of years, while a conviction for simple possession requires no minimum sentence and a maximum sentence of ten years. § 2252(a)-(b). Section 2252A provides a similar framework.
Considering that § 2G2.2(b)(1) was intended to counteract the sentencing disparity between simple receipt and possession offenses, and that the statutes covered by § 2G2.2 group receipt with other child pornography offenses for the purpose of establishing mandatory sentences, it seems clear that § 2G2.2(b)(1)’s “conduct limited to” language was intended to distinguish simple receipt offenses from the offenses with which receipt is grouped for the purpose of sentencing. In other words, a defendant’s conduct is limited to the receipt of child pornography within the meaning of § 2G2.2(b)(1) if his indicted and relevant conduct does not include any of the offenses that are grouped with receipt for the purpose of sentencing. Because Goluba satisfies that standard, he was entitled to the two-level reduction.
I respectfully dissent.

. The sentences become more severe for all of the offenses listed in § 1466A if the defendant has certain previous convictions. The same is true under §§ 2252 and 2252A.