**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30356 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00085-RE |
| v. |  |
| TERRENCE LEE SUNDSMO, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted September 24, 2013[**]

Before:      RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Terrence Lee Sundsmo appeals from the district court's judgment and

challenges the 188-month sentence imposed following his guilty-plea conviction

for possession of child pornography with previous conviction for sexual abuse of a

minor, in violation of 18 U.S.C. § 2252A(a)(5)(B), as enhanced by § 2252A(b)(2).

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sundsmo argues that the district court erred by imposing a five-level enhancement under U.S.S.G. § 2G2.2(b)(5) because his 1996 convictions for sexually abusing a minor do not qualify as relevant conduct or expanded relevant conduct under U.S.S.G. § 1B1.3(a). We review de novo, *United States v. Garner*, 490 F.3d 739, 742 (9th Cir. 2007), and conclude that the enhancement under section 2G2.2(b)(5) was properly imposed. *See* U.S.S.G. § 2G2.2(b)(5) & cmt. n.1; U.S.S.G. Manual app. C., amend. 537 (1996) ("pattern of activity" enhancement applies to "past sexual abuse or exploitation unrelated to the offense of conviction" and, thus, reaches more "broad[ly] than the scope of relevant conduct typically considered under §1B1.3"); *Garner*, 490 F.3d at 743 ("The plain language of the Commentary to § 2G2.2 eliminates the need for any temporal or factual nexus between the offense of conviction and any prior act of sexual abuse or exploitation; the provision obviously intends to cast a wide net to draw in any conceivable history of sexual abuse or exploitation of children."). Sundsmo's various arguments for a narrower interpretation of section 2G2.2(b)(5) are unavailing.

**AFFIRMED.**