# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20262
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAKE NICHOLAS LUERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-311-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Jake Nicholas Luera appeals his 136-month sentence of imprisonment for receipt of child pornography and his 120-month sentence for possession of child pornography. Luera argues that these sentences violate the Double Jeopardy Clause of the Fifth Amendment. He also contends that his advisory guidelines range was incorrectly calculated. According to Luera, the district court should have reduced his offense level by two because his conduct was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20262

limited to receipt of child pornography, U.S.S.G. § 2G2.2(b)(1), and the district court should not have applied the two-level enhancement for use of a computer during commission of the offense, §2G2.2(b)(6).

Luera failed to preserve his first two arguments. For this reason, both fail. We do not ordinarily find plain error if an issue has not been addressed by a controlling circuit or Supreme Court precedent. *E.g., United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009). And "[i]n this circuit . . . questions of fact capable of resolution by the district court can never constitute plain error." *United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015) (internal quotation and citation omitted).

Luera's final argument fares no better. In *United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011), we rejected a policy-based challenge to the child pornography guidelines. Similarly here, in an Eighth Amendment challenge, we do not substitute our judgment for that of Congress or the U.S. Sentencing Commission. *See United States v. Harris*, 566 F.3d 422, 435-36 (5th Cir. 2009). Luera has also not shown that the use of a computer enhancement has no rational basis or is applied on an arbitrary basis in violation of his due process rights. *See United States v. Bacon*, 646 F.3d 218, 221-22 (5th Cir. 2011).

AFFIRMED.