# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40036
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NESTOR FABIAN GONZALEZ-QUINTANILLA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-631-1

Before BARKSDALE, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Nestor Fabian Gonzalez-Quintanilla challenges the 30-month sentence imposed following his guilty-plea conviction for being unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326(a). Gonzalez claims the district court committed reversible plain error in its assessment of criminal-history points based on his state-law conviction, increasing his advisory Sentencing Guidelines range.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-40036

Gonzalez and two other men entered the United States on 18 April 2018. Two of the three carried bundles of marihuana during the crossing. This activity was observed by Customs and Border Patrol Agents.

Later that day, Gonzalez was arrested by officers of a local drug task force and charged with felony possession of marihuana, in violation of Texas law. He was convicted of this offense and sentenced in Texas state court. Following that conviction, he was transferred into the custody of Immigration and Customs Enforcement officials pending prosecution under 8 U.S.C. § 1326(a). Gonzalez pleaded guilty.

The presentence investigation report (PSR) assigned Gonzalez two criminal-history points for the state marihuana-possession conviction and sentence after a prior removal from the United States. In addition, the PSR assessed a four-level enhancement to Gonzalez' base offense level under Guideline § 2L1.2(b)(3)(D) based on that conviction. Gonzalez did not object to either the assignment of criminal-history points or the enhancement. The district court sentenced Gonzalez, *inter alia*, to 30-months' imprisonment.

Gonzalez asserts the court committed reversible plain error in assessing two criminal-history points for his state marihuana conviction because that offense was committed simultaneously with the instant offense. He asserts, therefore, that the state marihuana offense constitutes relevant conduct under Guideline § 1B1.3, rather than a prior sentence under Guideline § 4A1.2(a)(1). He further contends that, because the state marihuana offense did not qualify for criminal-history points, the court erred in enhancing his base offense level.

Because Gonzalez did not raise these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Gonzalez must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*,

556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

Our court recently decided a case almost identical to the instant one–both factually and legally–which was similarly briefed by the same federal public-defender's office.  *See United States v. Vega-Ruiz*, No. 18-40475, 2019 WL 2303876 (5th Cir. 29 May 2019).  Although *Vega-Ruiz* is an unpublished decision, and therefore not precedential, its reasoning is persuasive, as discussed below.  *See* 5th Cir. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (recognizing unpublished decisions issued after 1 January 1996 are not controlling precedent but may be considered persuasive authority).

Pursuant to the Guidelines, defendant's base offense level for unlawfully entering the United States is increased for prior convictions.  *See* U.S.S.G. § 2L1.2(b).  The commentary instructs sentencing courts, however, to "use only those convictions that receive criminal history points under § 4A1.1(a), (b), or (c)".  U.S.S.G. § 2L1.2, cmt. n.3.  Whether the court erred in increasing Gonzalez' offense level on account of his state marihuana conviction, therefore, depends on whether Gonzalez establishes plain (clear or obvious) error in the assignment of two criminal-history points to that conviction.

Under Guideline § 4A1.1, defendant receives criminal-history points for prior sentences.  A "prior sentence" is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense".  U.S.S.G. § 4A1.2(a)(1).  Whether the conduct is part of the instant offense is determined with reference to the relevant conduct provisions of Guideline § 1B1.3.  *See* U.S.S.G. § 4A1.2 cmt. n.1.  As the commentary states:

No. 19-40036

> A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct).

*Id.*; *see also United States v. Yerena-Magana*, 478 F.3d 683, 687–88 (5th Cir. 2007) (discussing the relationship between § 4A1.2 and § 1B1.3).

The Guidelines define the term "relevant conduct" in several different ways. *United States v. Bacon*, 646 F.3d 218, 221 (5th Cir. 2011); *see* U.S.S.G. §§ 1B1.3(a)(1)–(4). Gonzalez relies on Guideline § 1B1.3(a)(1)(A), which states relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant", as long as those actions "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense". U.S.S.G. § 1B1.3(a)(1)(A).

Gonzalez contends the error in imposing two criminal-history points based on the state marihuana conviction is clear or obvious because the PSR shows he entered the United States on 18 April 2018 while in actual or constructive possession of the bundle of marihuana. He therefore maintains his commission of the illegal-reentry offense and the marihuana-possession offense were simultaneous and interdependent, qualifying the marihuana offense as relevant conduct.

In support of his assertion, Gonzalez cites *United States v. Henry*. 288 F.3d 657 (5th Cir. 2002). In that case, our court, also reviewing for plain error, vacated defendant's sentence because it was erroneous to include criminal-history points where defendant's "state conviction for criminal trespass and

federal conviction for possession of a firearm while under a restraining order clearly resulted from the same conduct". *Id.* at 665.

But our court addressed and rejected this same line of reasoning in *Vega-Ruiz*, 2019 WL 2303876, *2–4. As discussed in *Vega-Ruiz*, our court held there was no plain error when a district court assigned criminal-history points for a sentence stemming from an evading-and-resisting-arrest offense that occurred weeks before defendant was charged with illegal reentry, reasoning each offense could be viewed as "embodying . . . conduct severable by time, place, and harmed societal interest". *Id.* at *4 (quoting *United States v. Vargas-Garcia*, 434 F.3d 345, 350 (5th Cir. 2005)). Our court has applied *Vargas-Garcia* "to hold that a defendant's unlawful entry offense was not committed 'in preparation for' his [later] marijuana possession offense, in part, because the crimes 'harmed different societal interests'". *Id.* (quoting *Yerena-Magana*, 478 F.3d at 688–89). Our court has therefore rejected the same claims Gonzalez advances here on plain-error review.

AFFIRMED.