NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 18-10196 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 4:15-cr-02103-JAS-DTF-1 |
| v. | |
| WAYNE MONTIERTH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted March 3, 2021[**]
Phoenix, Arizona

Before: HAWKINS and BUMATAY, Circuit Judges, and CARDONE,[***] District Judge.

Wayne Montierth timely appeals his jury conviction and sentence for four counts of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2) and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

(b)(2).[1]  As a result of Montierth's stipulations at trial, the only issue before the jury was whether he knowingly distributed child pornography through BitTorrent, a peer-to-peer file-sharing program that allows users to download files directly from other users' computers.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  Montierth's challenge to the lay testimony of FBI Special Agents Stephen Grant, Adam Cushman, and Candace Rose fails.  Because he failed to object at trial, the plain-error standard applies:  "First, there must be an error that has not been intentionally relinquished or abandoned.  Second, the error must be plain—that is to say, clear or obvious.  Third, the error must have affected the defendant's substantial rights."  *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (citations omitted)).  Once a defendant has made a showing on these three conditions, "the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* at 1905 (quoting *Molina-Martinez*, 136 S. Ct. at 1343).

Under Federal Rule of Evidence 701, law enforcement officers may offer certain opinion testimony so long as it is based on their "perception."  *See United States v. Gadson*, 763 F.3d 1189, 1206 (9th Cir. 2014).  For example, testimony may

---

[1] Montierth does not appeal his conviction for one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

2

be admissible where it "consist[s] of [an officer's] interpretations of ambiguous conversations based upon his direct knowledge of the investigation." *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007). Much of the testimony Montierth challenges falls well within these bounds because it was based on the agents' direct perception of Montierth's conduct during his pre-arrest interview. Even assuming that any of the testimony went too far, Montierth has far from met his burden of showing "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *See Rosales-Mireles*, 138 S. Ct. at 1904–05 (internal quotation marks omitted).

2. Montierth's challenge to the jury instructions on distribution also fails under the plain-error standard. The instruction, which the parties jointly proposed, mirrored the language approved in *United States v. Budziak*, 697 F.3d 1105, 1109 (9th Cir. 2012). Nor did the district court err when it responded to the jury's question about the meaning of "knowingly" by directing jurors—with the agreement of both parties—to the relevant instructions and the instructions as a whole.

3. For these reasons, Montierth's cumulative-error challenge fails.

4. The district court did not err in applying a five-level enhancement for a "pattern of activity involving the sexual abuse or exploitation of a minor" based on conduct that began when Montierth was a juvenile and ended decades before his sentencing. *See* U.S.S.G. § 2G2.2(b)(5); *see also* U.S.S.G. § 2G2.2, cmt. n.1

3

(defining "pattern of activity" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant."). This court has rejected a similar due process challenge to an enhancement based on conduct that was thirty-five years old, finding numerous rational bases that could justify the increased sentence. *United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007). It was not error to apply the enhancement based on testimony about the abuse that the court found "not only convincing but compelling."

Finally, Montierth's challenge to the substantive reasonableness of his 210-month sentence fails. Although the Guidelines adjustments brought the offense level to 42, the district court imposed a sentence based on level 37. Considering the sentencing factors in 18 U.S.C. § 3553(a), the court determined that the sentence was appropriate in light of the seriousness of the offense and the need to protect the public from Montierth given his demonstrated pattern of behavior. The sentence is not substantively unreasonable in the totality of the circumstances. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**