**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wyman Jordan WRIGHT,
Defendant–Appellant.**

**No. 10–2501.**

United States Court of Appeals,
Sixth Circuit.

March 5, 2012.

Before: MARTIN, SUTTON and BALDOCK, Circuit Judges.*

BALDOCK, Circuit Judge.

A jury convicted Defendant Wyman Wright of six counts of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Defendant to 180 months' imprisonment. He now appeals, alleging improper trial testimony, prosecutorial misconduct during closing argument, an unreasonable sentence, and ineffective assistance of counsel. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

* The Honorable Bobby R. Baldock, United States Court of Appeals for the Tenth Circuit,

## I.

At Defendant's request, an acquaintance took Defendant's computer to a computer repair shop. Technicians at the shop noticed file names on Defendant's computer suggesting child pornography, and they notified FBI Special Agent Brett Banner, who seized the computer. Special Agent Banner and two members of the Mid–Michigan Area Computer Crimes Task Force, Officer Robert Querback and Detective Brian Pitt, interviewed Defendant at his home. Defendant claimed ownership of the computer and admitted it might contain half a dozen images of child pornography. He then consented to a search of his computer. The search revealed 897 still images and five videos of child pornography, although the investigators later determined only 340 of the still images had been saved to the computer. The computer had automatically downloaded the remaining still images as temporary files.

The agents interviewed Defendant again three days later, and Defendant again admitted he had saved child pornography to his computer. During the interview, the following exchange took place:

Wright: I didn't think I had that many of young kids, ah, you know I have looked at a lot of them but I really did not think I had kept many, ah I didn't know what all is exactly is in there and what all you have found.

Querback: (Inaudible)

Wright: If you have looked at everything I have browsed on the computer over the last few years you've got thousands and thousands of pictures · · ·

Querback: Sure.

sitting by designation.

Wright: ... but I don't save hardly any of them I, uh, soon as I. I look, delete, clean it off. It was nothing I was really interested in after looking.

Gvt.'s Trial Exh. 12, at 4–5. At trial, the prosecution introduced the recording and transcript of this interview. The defense cross-examined Banner regarding the interview, and Banner conceded that during the first interview, defendant said he did not intend to have child pornography on his computer. On redirect, Banner clarified that the second interview was "more in depth" than the first interview. Trial Transcript Vol. II, at 6. When the government asked Banner whether he would characterize the second interview as "more or less helpful to the jury," he responded, "More helpful to the jury." *Id.* at 7. Defense counsel objected to none of this testimony.

During closing argument, defense counsel argued Defendant did not "confess[ ]" to possessing child pornography during the interview with the agent. *Id.* at 144. He reminded the jury that Defendant did not remember specific images on his computer. *Id.* at 145. On rebuttal, the government responded:

Well, the defendant didn't remember the images because he had been looking at so many of them. When you look at *thousands and thousands of images of child pornography*, I imagine after awhile it starts to become a blur and you start to lose track of which ones you have and which ones you don't. That's what he told us he did, he looked at *thousands and thousands of images.* So Agent Banner and the other officer are asking to remember specific images that had looked at and he just can't do it because he had accessed so many of them.

*Id.* at 147 (emphasis added). Defendant's counsel did not object to this argument.

The jury convicted Defendant on all seven counts of receiving and possessing child pornography. At sentencing, the district court imposed a five-level enhancement under U.S.S.G. § 2G2.2(b)(5) for a pattern of activity involving the sexual abuse or exploitation of a minor. The court based this enhancement on testimony from two witnesses. Patricia Wright testified that in 1972, she found her ten-year-old niece kneeling in front of Defendant, who was standing naked with an erection. Judy Wolf testified that in approximately 1971, when she was five or six years old, Defendant took Wolf into his bedroom "numerous times," removed her clothing, and touched her vagina. Defendant denied these allegations, but the district court credited Wright and Wolf's testimony.

The district court also imposed a five-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D) because Defendant's offense involved 600 or more images. At trial, Officer Pitt had testified that Defendant's computer contained 897 images and five videos of child pornography. At sentencing, Pitt explained that, if the images in the computer's temporary storage were excluded, the computer contained 340 images and five videos. For purposes of the enhancement under § 2G2.2(b)(7)(D), each video is considered the equivalent of seventy-five images. U.S.S.G. § 2G2.2 cmt. n. 4(B)(ii). The district court concluded even "a conservative assessment" of Defendant's computer yielded 715 images. Defendant's counsel at sentencing, a different attorney than his trial counsel, made appropriate objections to both enhancements.

Based on the enhancements, the district court calculated Defendant's initial guideline range at 235–240 months imprisonment. The court granted him a three-level downward departure under U.S.S.G. §§ 5H1.1 and 5H1.4 based on his age and physical condition. This departure yielded

a guideline range of 151–188 months. The court then sentenced Defendant to 180 months imprisonment.

## II.

On appeal, Defendant raises a number of issues. First, he argues the district court improperly admitted four pieces of opinion testimony. Second, he argues the prosecutor engaged in improper argument in his rebuttal. Third, he argues insufficient evidence supported the 600–image sentencing enhancement. Fourth, he argues the enhancement for a pattern of activity involving sexual abuse or exploitation of a minor "(1) violates due process of law and (2) fails to prove the required federal nexus." Fifth, he argues his sentence is substantively unreasonable. Sixth, he argues his counsel at both trial and sentencing rendered ineffective assistance.

## A.

Defendant first challenges the allegedly improper opinion testimony. Because Defendant did not object to this testimony at trial, we review only for plain error. *United States v. Newsom*, 452 F.3d 593, 602 (6th Cir.2006). To establish plain error, Defendant must show "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir.2008) (en banc).

Defendant first claims Agent Banner improperly testified as to his "opinion of Defendant's intent." Defendant's brief under this heading contains no argument or citation to authority, however, but merely quotes two sections of the trial transcript. Defendant does not tell us how the testimony was improper. "Issues adverted to in a perfunctory manner, unaccompanied

by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir.2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997)). Because Defendant makes no attempt to support this alleged error with any argument, he has waived the issue.

Defendant's next two argument headings read: "Opinion That Suicide Talk is Evidence of Guilt" and "Opinion That Charged Images are Child Pornography." Again, however, Defendant merely quotes sections from the trial transcript without citing any law or making a word of argument. Even under plain error review, our job is not to conjure up and address arguments not made by the parties. We need not consider these unsupported "arguments." *Id.*

■ Defendant's first developed argument is directed at Agent Banner's statement that the second interview was "more helpful to the jury." Defendant cites Fed. R.Evid. 704(b), which prevents expert witnesses in criminal cases from stating "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Defendant admits "the prosecutor did not seek to qualify ... Banner as an expert," but points out that Banner testified based on "his training, background and expertise as to child pornography." Defendant is correct that lay opinion testimony cannot be based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. Rule 702 says a witness may be qualified as an expert based on "knowledge, skill, experience, training, or education." Fed.R.Evid. Rule 702. Here,

Agent Banner did testify based on his training and experience, and likely should be treated as an expert witness. *See United States v. Ganier*, 468 F.3d 920, 927 (6th Cir.2006). But even if Banner is an expert witness and therefore subject to Rule 704(b), his testimony that the second interview was "more helpful" says nothing about Defendant's mental state. *See United States v. Combs*, 369 F.3d 925, 940 (6th Cir.2004) (holding Rule 704 did not prohibit testimony when officer "did not actually testify regarding the intent of the defendant"). So Rule 704 does not render the testimony improper.

Defendant also cites several cases involving witnesses who usurped the jury's function in one way or another. *United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010) (testimony that defendants took actions with certain intent violated Rule 704(b), but the error was harmless); *United States v. Garcia*, 413 F.3d 201 (2d Cir. 2005) (law enforcement officer's specialized knowledge was inadmissible as lay opinion testimony under Rule 701, but the error was harmless); *United States v. Grinage*, 390 F.3d 746 (2d Cir.2004) (agent's interpretation of phone calls, including some the jury had not heard, usurped the jury's function); *United States v. Cano*, 289 F.3d 1354 (11th Cir.2002) (detective's testimony was a summary of facts in evidence, rather than based on personal knowledge, but error was not plain because it did not affect the fairness of trial). None of these cases involved the situation presented here. Agent Banner's characterization of the second interview as "more helpful" to the jury was probably unnecessary, because determining the weight to give certain evidence is ordinarily a jury function. See *United States v. Deitz*, 577 F.3d 672, 682 (6th Cir.2009) (district court may not upset "jury's conclusion about the weight of the evidence and witness credibility"). But Rule 704(a) explicitly says "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed.R.Evid. 704(a). Here, Agent Banner did not even express his opinion on an ultimate issue. Instead, he opined on the relative helpfulness of two pieces of evidence. Although this testimony was unnecessary, we cannot say it was so improper as to constitute plain error. The district court did not plainly err by admitting the testimony.

**B.**

Defendant next raises prosecutorial misconduct. He argues the prosecutor mischaracterized the evidence by saying twice in his closing argument that Defendant had looked at "thousands and thousands of images of child pornography." Because Defendant did not object to the argument at trial, we review only for plain error. *United States v. Deitz*, 577 F.3d 672, 694 (6th Cir.2009). The government argues no error occurred at all, because Defendant "personally confessed to looking at thousands and thousands of images of child pornography" in the second interview. Defendant's "confession," however, was not entirely clear. Defendant simply said, "If you have looked at everything I have browsed on the computer over the last few years you've got thousands and thousands of pictures." Defendant may have meant he had looked at thousands and thousands of pictures of pornography in general, not necessarily child pornography. Still, Defendant admitted he had "looked at a lot" of pictures of "young kids," even though he did not think he had kept very many. The evidence clearly showed Defendant had viewed *at least* 897 images, in addition to 5 videos.[1] So although the prosecutor's

---

1. Although the images contained in Defendant's temporary files do not count toward

statement may have stretched the evidence slightly, his argument was not plain error.

■ Even if this were otherwise plain error, we would still have to consider whether the error "affected defendant's substantial rights." *Vonner*, 516 F.3d at 386. In order to determine whether an improper prosecutorial argument affected substantial rights, we consider: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong." *United States v. Carson*, 560 F.3d 566 (6th Cir.2009) (quoting *United States v. Carter*, 236 F.3d 777, 783 (6th Cir.2001)). Under this test, the statements did not affect Defendant's substantial rights. The statement was unlikely to mislead the jury, who had heard evidence regarding Defendant's significant exposure to child pornography. Nor would Defendant be prejudiced by the argument he had viewed "thousands and thousands of images," when the evidence showed he had close to 900 still images on his computer, in addition to five videos. The difference is slight and of no relevance to the charged offenses, which did not require possession or receipt of "thousands" of images. Furthermore, the evidence against Defendant was strong, and the jury would not have been more likely to convict him based on "thousands and thousands" of child pornography images than on 900. Thus, the prosecutor's statement did not render Defendant's trial fundamentally unfair.

his sentencing enhancement because he did not intentionally download, they show he had

### C.

Defendant raises several objections to his sentence. We review sentences for reasonableness "under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We first review for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* Where a party has failed to object to a procedural defect, we review claims of procedural unreasonableness for plain error. *Vonner*, 516 F.3d at 385–86. We then consider whether the sentence was substantively reasonable. *Gall*, 552 U.S. at 51, 128 S.Ct. 586.

### 1.

■ Defendant first asserts procedural error, arguing insufficient evidence supported the 600–image sentencing enhancement under U.S.S.G. § 2G2.2(b)(7)(D). He objected to this enhancement at sentencing, and we therefore review it for abuse of discretion. *Gall*, 552 U.S. at 51, 128 S.Ct. 586. We review the district court's factual findings for clear error. *United States v. Taylor*, 648 F.3d 417, 431 (6th Cir.2011). Defendant argues the district court did not have sufficient evidence to conclude that even the 340 images saved to his computer involved children and depicted sexually explicit conduct. Detective Pitt, however, testified about the images at both trial and sentencing, and created a written report regarding all 340 of the images. The district court found at sentencing: "I'm satisfied based on the testimony that we have received today and [Pitt's] characterization

"looked at" at least 897 still images.

of the images both today and earlier on during the course of the case in chief that his characterization and number of images conservatively satisfy the guideline qualification for the number of images exceeding 600."[2] Sentencing Hearing Transcript at 32. Defendant has not shown how the district court's factual finding is erroneous. He claims the district court did not "view[ ] or count[ ] any, let alone more than 600 images." But, in fact, the district judge responded to this argument at sentencing by saying "I've also been present during the presentation of the images and the gentleman's earlier testimony." *Id.* So the district court *did* view some of the still images, even if it did not view all 340 of them. And the district court was entitled to base its factfinding regarding the remaining images on Detective Pitt's written reports and oral testimony regarding the images. *See Unites States v. Cordy,* 560 F.3d 808, 817 (8th Cir.2009) (allowing the district court to base a 600–image enhancement on an agent's testimony regarding the images). Thus, the district court did not clearly err in finding that the images constituted child pornography, nor did the court abuse its discretion in applying the enhancement.

## 2.

Defendant next objects to imposition of the five-level enhancement under § 2G2.2(b)(5) for a pattern of activity involving the sexual abuse or exploitation of a minor. Because he objected to the enhancement at sentencing, we review this procedural reasonableness challenge for abuse of discretion. *Gall,* 552 U.S. at 51, 128 S.Ct. 586. We first address his argu-

ment that his prior conduct lacks the required "federal nexus." The guidelines do not require the prior conduct to involve a violation of federal law. The application notes to the guidelines say,

> "Pattern of activity involving the sexual abuse or exploitation of a minor" means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same or different victims; or (C) resulted in a conviction for such conduct.

U.S.S.G. § 2G2.2 cmt. n. 1 (2009). The notes further define "sexual abuse or exploitation" as including "(A) conduct described in 18 U.S.C. § 2241, § 2242, [or] § 2243 ..." and "(B) an offense under state law, that would have been an offense under any such section if the offense had occurred within the special maritime or territorial jurisdiction of the United States."[3] *Id.* So in order to fall within this definition, the sexual abuse must be either (1) proscribed by one of the enumerated federal laws or (2) proscribed by state law and involving conduct that *would be* a violation of federal law if committed in a federal jurisdiction. One of the enumerated offenses, § 2243, applies to any person who, "in the special maritime and territorial jurisdiction of the United States" or in federal custody "knowingly engages in a sexual act with another person" who is between twelve and sixteen years old or is at least four years younger than the perpetrator. 18 U.S.C. § 2243. This statute requires us to go one layer deeper and

2. Under the sentencing guidelines, each video is equivalent to seventy-five images, meaning the videos yielded an additional 375 images for guideline purposes. U.S.S.G. § 2G2.2 cmt. n. 4(B)(ii) (2009).

3. The "special maritime and territorial jurisdiction of the United States" includes areas such as the high seas and "[a]ny lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof...." 18 U.S.C. § 7.

consider the definition of "sexual act." For purposes of § 2243, "sexual act" is defined as conduct including "the intentional touching, not through the clothing, of the genitalia of another person" under the age of 16 with the intent to "arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246. Judy Wolf testified to "numerous" instances of touching that would fit this definition, even if we do not consider Defendant's conduct involving Patricia Wright's niece. Thus, if Defendant's prior conduct had taken place within the special maritime and territorial jurisdiction of the United States, it would have supported a conviction under 18 U.S.C. § 2243. Because his conduct took place within the State of Michigan, however, and not in an area of exclusive or concurrent federal jurisdiction, we must determine whether the conduct also constituted "an offense under state law." U.S.S.G. § 2G2.2 cmt. n. 1 (2009).

■ Under Michigan law, "[a] person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person" under 13 years of age. Mich. Comp. Laws § 750.520c. Sexual contact is defined as "the intentional touching of the victim's or actor's intimate parts ... if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification...." Id. § 750.520a. Defendant's conduct with Judy Wolf would also fall within this state offense. Therefore, because the conduct was "an offense under state law, that would have been an offense" under 18 U.S.C. § 2243 if committed within a federal jurisdiction, it meets the definition of sexual abuse in U.S.S.G. § 2G2.2(b)(5).

Defendant also argues imposition of the enhancement violates the Constitution in three ways. First, Defendant argues "a preponderance of the evidence standard of proof [in sentencing] does not comport with due process." We addressed this very argument in *United States v. Gates*, 461 F.3d 703 (6th Cir.2006). There, we explicitly held that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury." *Id.* at 708. *Gates* effectively forecloses this argument.

■ Second, Defendant argues "due process of law is violated by proceeding with allegations that are so remote." In our circuit, the sentencing enhancement for a pattern of sexual abuse or exploitation does not "require[ ] a temporal nexus between any instances of sexual abuse or exploitation." *United States v. Gawthrop*, 310 F.3d 405, 414 (6th Cir.2002) (addressing U.S.S.G. § 2G2.2(b)(5), then numbered as § 2G2.2(b)(4)). We have not, however, specifically considered a *due process* challenge to the use of remote conduct. But two of sister circuits have considered and rejected this very argument. The Ninth Circuit concluded that basing the enhancement on thirty-five-year-old conduct does not violate due process because doing so is neither "arbitrary" nor "irrational." *United States v. Garner*, 490 F.3d 739, 743 (9th Cir.2007). Recognizing the high rate of recidivism for sex offenders, the Garner court concluded "the Sentencing Commission could easily have a rational basis" for applying the enhancement even when the conduct took place years earlier. *Id.* The Fifth Circuit followed the Ninth Circuit's reasoning, and concluded "consideration of remote-in-time conduct does not violate due process." *United States v. Bacon*, 646 F.3d 218, 221–22 (5th Cir.2011). We agree with these circuits that basing § 2G2.2(b)(5)'s sentencing enhancement on temporally remote conduct does not violate due process.

■ Third, Defendant argues he is entitled to have the facts supporting his sentencing enhancement be found by a jury, rather than a judge. "Other than the fact of prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (emphasis added). But where, as here, the district court imposes a sentence less than the statutory maximum, judicial fact-finding does not violate the Sixth Amendment right to a jury trial.[4] *United States v. Mayberry*, 540 F.3d 506, 517 (6th Cir.2008). In *Mayberry*, we said, "Because the judge did not exceed this statutory maximum, no *Apprendi* violation occurred." We have also said "the increase in a defendant's sentence based on facts not admitted by the defendant or proven to a jury beyond a reasonable doubt does not violate the Sixth Amendment." *United States v. Conatser*, 514 F.3d 508, 527 (6th Cir.2008). So Defendant's third constitutional claim fails.

### 3.

■ Defendant's final objection to his sentence is that it is substantively unreasonable. When the sentence imposed falls within a properly calculated guidelines range, the sentence is rebuttably presumed to be reasonable. *Vonner*, 516 F.3d at 389. "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *Conatser*, 514 F.3d at 520. Defendant argues the factors in 18 U.S.C. § 3553(a) supported imposing only the mandatory minimum sentence of five years.

We find no basis for concluding Defendant's sentence was substantively unreasonable. As an initial matter, the district court took into account the "specific offender characteristics" in part 5H of the guidelines, and granted a three-level departure based on Defendant's age and physical condition. Additionally, the court explicitly evaluated the § 3553(a) factors. The court considered the seriousness of the offense, § 3553(a)(2)(A), noting the "significant harm to many children" caused by child pornography. Sentencing Hearing Transcript at 46. The court also considered Defendant's "lack of a criminal history and his attention to work related responsibilities during the course of his life." *Id.* at 48. *See* § 3553(a)(1). In relation to deterrence, § 3553(a)(2)(B), the court said Defendant's "experience ... in the last year and a half" during the investigation and prosecution of the case "has had a significant impact, a penalty that has already been imposed upon him." Sentencing Hearing Transcript at 47. Defendant has not shown how the district court applied the § 3553(a) "arbitrarily" or gave unreasonable weight to any factor. Defendant has not rebutted the presumption that his within-guideline sentence was substantively reasonable, and therefore the district court did not abuse its discretion in sentencing him.

### D.

Finally, Defendant argues his attorneys both at trial and sentencing were ineffective. He claims his trial counsel rendered ineffective assistance by failing to make proper objections during trial. His sentencing-stage counsel, he says, was ineffec-

---

**4.** The statutory maximum sentence for each of Defendant's six counts of receiving child pornography was twenty years imprisonment. 18 U.S.C. § 2252A(b)(1).

tive for failing to "view and count the images underlying the guidelines calculation" and familiarize himself with the trial testimony. "Ordinarily we will not review a claim of ineffective assistance of counsel on direct appeal because the record is usually insufficient to permit an adequate review of such a claim." *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir.2005). A limited exception to this rule exists where the record is adequately developed. *United States v. Williams*, 612 F.3d 500, 508 (6th Cir.2010). Here, the record contains only the trial and sentencing transcripts, and the district court has had no opportunity to make factual findings regarding prejudice. Because the record is undeveloped, we decline to address the issue on direct appeal.

AFFIRMED.