RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0067p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee*,

           *v.*                                         No. 12-5675

KWAME WILLIAMS a/k/a Arnold Fordham,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:11-cr-00086—Todd J. Campbell, Chief District Judge.

Decided and Filed: March 14, 2013

Before: GIBBONS, KETHLEDGE, and STRANCH, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Mariah A. Wooten, Anne-Marie Moyes, OFFICE OF THE FEDERAL
PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. Blanche B. Cook, UNITED
STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

_____

**OPINION**

_____

KETHLEDGE, Circuit Judge. Kwame Williams pleaded guilty to possession
with intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1). He appeals his
sentence, arguing that the district court erred in applying a two-level enhancement for
obstructing justice under United States Sentencing Guidelines § 3C1.1. We agree, and
vacate Williams's sentence.

1

I.

Williams is a citizen of the Republic of Trinidad and Tobago. He came to the United States in 1993 and became a lawful permanent resident in 1997. In September 1999, however, Williams was arrested in New York for a state firearms charge. He was convicted of the offense and deported to Trinidad and Tobago. Williams re-entered the United States illegally and in 2002 was again arrested in New York for kidnapping, robbery, assault, and marijuana possession. Williams was arraigned and released, but failed to appear for any court proceedings.

Williams then relocated to Nashville, where he assumed several aliases. In 2010, he obtained a Tennessee driver's license in the name of Arnold Fordham. Thereafter, the DEA began investigating Williams for distributing oxycodone. Throughout the investigation, the DEA believed that Williams's true name was Arnold Fordham, and indeed they identified Fordham as the suspect in a warrant to search Williams's home. The supporting affidavit cited a driver's license, rental-car contract, bank account, and vehicle registration, all in Fordham's name.

The DEA executed the warrant on Williams's home in March 2011. They found over 1,000 oxycodone pills and 190 oxymorphone pills. Williams told the agents that his name was Arnold Fordham, admitted that he had been selling the pills, and said that he had a gun in the house. The agents arrested him.

The next day, Williams made his initial appearance before a magistrate judge, where he continued to present himself as Arnold Fordham. Williams requested appointed counsel and signed a financial affidavit as Arnold Fordham. Two days later, the magistrate judge held a preliminary hearing to determine probable cause. Everyone at the hearing continued to refer to Williams as Arnold Fordham. A month later, a federal grand jury returned an indictment charging Arnold Fordham with possession with intent to distribute oxycodone. It was not until two months after his initial appearance that Williams finally told the court his real name.

Williams eventually pleaded guilty to possession with intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1). At his sentencing hearing, the government argued that Williams had obstructed justice when he lied about his identity and that the district court should apply a two-level sentencing enhancement under U.S.S.G § 3C1.1. The court applied the enhancement over Williams's objection, finding that he had "provid[ed] materially false information to the magistrate judge." The court sentenced Williams to 87 months imprisonment. This appeal followed.

II.

We review the district court's findings of fact for clear error, but review de novo its determination whether specific facts constitute an obstruction of justice under the sentencing guidelines. *United States v. Bazazpour*, 690 F.3d 796, 805 (6th Cir. 2012).

Under § 3C1.1, a district court must increase a defendant's offense level by two points if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. The application notes give examples of covered conduct, which include "providing materially false information to a judge or magistrate." *Id.* cmt. 4(F).

Providing materially false information to a magistrate judge is the ground on which the district court applied the enhancement here. In support, the court said that a defendant's identity is always material in a criminal proceeding and that, in this case specifically, it would have been "impossible to verify or test the accuracy of [Williams's] financial information" because he used an alias on the financial affidavit.

The question presented is whether Williams's alias was "material" to any issue decided by the magistrate judge. Comment six to the relevant guideline defines "material" information as information "that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 cmt. 6. Thus, for the district court to determine that Williams's alias was "material," the court first had to identify the issues that the magistrate judge decided and then determine whether Williams's alias had any

tendency to influence the magistrate judge's decision on those issues. On these points, the government bore the burden of proof. *See United States v. Byrd*, 689 F.3d 636, 640 (6th Cir. 2012).

The magistrate judge decided two issues here. First, the magistrate judge determined whether to appoint counsel for Williams based on his financial affidavit. The government has not shown, however, that any of Williams's financial information (as opposed to his identification information) in the affidavit was false; Arnold Fordham, for purposes of appointed counsel, was just as indigent as Kwame Williams. Nor has the government shown that the magistrate judge was inclined to use a credit report, or any other source in Fordham's name, to verify the financial information in Williams's affidavit. And Fordham's credit report would not have misled the court in any event: as the probation office itself later found, Williams's credit history had merged with Fordham's. The record thus provides no basis to find that Williams's false identity had any tendency to affect the court's decision whether to appoint counsel for Williams.

The second issue that the magistrate judge determined was that DEA agents had probable cause to arrest Williams for possessing oxycodone with intent to distribute it. In making that finding, the magistrate judge relied on the agents' testimony that they found oxycodone pills in Williams's possession and that Williams admitted that he was selling the pills. That Williams identified himself as Fordham, therefore, made no difference to this determination either.

To demonstrate that information is "material" for purposes of § 3C1.1, the government must do more than say that the information is important in some general sense unconnected to the specific issues before the court. The government must instead show that the information, "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 cmt. 6. The government did not make that showing here. *Compare United States v. Charles*, 138 F.3d 257, 267 (6th Cir. 1998) (defendant gave the magistrate judge a false name to conceal prior criminal history, thereby influencing the issue of pretrial release); *United States v. Wilson*, 197 F.3d 782, 785–86

(6th Cir. 1999) (defendant gave the magistrate judge and the probation office a false name to conceal prior criminal history, thereby influencing sentencing).

We reverse the district court's application of the § 3C1.1 enhancement, vacate Williams's sentence, and remand the case for resentencing.