**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0072n.06

No. 12-6355

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jan 28, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JOHN DENNIS CLARK, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  COOK and STRANCH, Circuit Judges; CARR, District Judge.[*]

PER CURIAM.  John Dennis Clark appeals the district court's judgment of conviction and sentence.

Clark pleaded guilty to possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and receiving and distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2).  The district court determined that Clark's base offense level was 22.  It applied several enhancements, including a two-level increase under USSG § 2G2.2(b)(3)(F) because the offenses involved distribution and a five-level increase under § 2G2.2(b)(5) because Clark engaged in a pattern of activity involving the sexual exploitation of a minor.  Based on Clark's total offense level of 40 and his criminal history category of I, his guidelines range of imprisonment was 292 to 365 months.  The district court sentenced him to 262 months in prison, consisting of a 22-month

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

term for the distribution conviction, to be served consecutively to concurrent terms of 240 months for the receipt conviction and 120 months for the possession conviction.

On appeal, Clark makes two arguments: (1) the district court's application of the enhancement under § 2G2.2(b)(3)(F) resulted in improper double counting because the fact that he had distributed child pornography was taken into account by his conviction under § 2252A(a)(2); and (2) the district court erred by applying the enhancement under § 2G2.2(b)(5) because there was insufficient evidence to demonstrate that his prior alleged sexual abuse of a minor constituted a state or federal offense. We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Bolton*, 669 F.3d 780, 782 (6th Cir.), *cert. denied*, 133 S. Ct. 230 (2012).

Despite Clark's argument to the contrary, the district court's application of the enhancement under § 2G2.2(b)(3)(F) did not result in improper double counting. *See United States v. Reingold*, 731 F.3d 204, 227-28 (2d Cir. 2013); *United States v. Chiaradio*, 684 F.3d 265, 282-83 (1st Cir.), *cert. denied*, 133 S. Ct. 589 (2012).[1] The district court also properly applied the enhancement under § 2G2.2(b)(5). That enhancement is applicable where "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." USSG § 2G2.2(b)(5). "Sexual abuse or exploitation" means, among other things, an offense under state law that would have been an offense under certain sections of federal law, including 18 U.S.C. § 2243, if the offense had occurred within

---

[1]Clark's double-counting argument also appears to challenge the sufficiency of the evidence for the distribution enhancement, an issue that must rise to the level of plain error because he failed to present it to the district court. *E.g.*, *United States v. Yancy*, 725 F.3d 596, 600–01 (6th Cir. 2013); *United States v. Maye*, 582 F.3d 622, 627 (6th Cir. 2009). In the absence of plain-error argument, we find none. *See United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). Moreover, his guilty-plea admission of distribution and his below-guidelines sentence belie that position.

a federal jurisdiction. USSG § 2G2.2(b)(5) cmt. n.1; *United States v. Wright*, 464 F. App'x 475, 482 (6th Cir.), *cert. denied*, 133 S. Ct. 173 (2012). The testimony at the sentencing hearing that Clark, while in his twenties, engaged in sex acts with a twelve-year-old boy was sufficient to establish that Clark committed an offense under Kentucky law that would have been an offense under § 2243 if it had occurred within a federal jurisdiction. *See* 18 U.S.C. § 2243(a); Ky. Rev. Stat. §§ 510.110(1)(c)(1), 510.120(1)(b); *Wright*, 464 F. App'x at 483.

Accordingly, we affirm the district court's judgment.

**JANE B. STRANCH, concurring**. Although I join the majority opinion to affirm, I am compelled to note that the government bears the burden to prove, by a preponderance of the evidence, the applicability of the two-level sentencing enhancement for distribution of child pornography under USSG § 2G2.2(b)(3)(F). *See United States v. Williams*, 709 F.3d 1183, 1186 (6th Cir. 2013). In *United States v. Conner*, 521 F. App'x 493 (6th Cir. 2013), and *United States v. Darway*, 255 F. App'x 68 (6th Cir. 2007), we upheld similar sentencing enhancements because the proof demonstrated that the defendants knowingly used peer-to-peer file-sharing programs such as LimeWire to distribute child pornography images on the internet. Here, the government's evidence that Clark *knowingly* used Flickr to distribute child pornography was very thin, but the enhancement is warranted because Clark admitted distribution at his guilty plea hearing. Accordingly, I concur.