NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0498n.06

No. 13-2314

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 09, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JACKIE FISHER, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE: GUY, KETHLEDGE, and STRANCH, Circuit Judges.

PER CURIAM. Jackie Fisher appeals the district court's application of the obstruction of justice enhancement under USSG § 3C1.1. As set forth below, we affirm Fisher's sentence.

A traffic stop of a vehicle driven by Fisher resulted in the discovery of a loaded handgun, ammunition, and ten individual bags of marijuana in the vehicle's center console. A federal grand jury subsequently returned an indictment charging Fisher with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 1), possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3). Pursuant to a written plea agreement, Fisher pleaded guilty to Counts 1 and 2.

At sentencing, the district court applied a two-level enhancement for obstruction of justice under USSG § 3C1.1 but granted a three-level reduction for acceptance of responsibility under USSG § 3E1.1, producing a guidelines range of 188 to 235 months of imprisonment,

which was restricted to 180 months due to the statutory maximum penalties. Reducing the enhancement under USSG § 2K2.1(b)(4)(B) for the firearm's obliterated serial number from four to two levels, the district court varied downward to a range of 151 to 188 months of imprisonment, which was capped at 180 months. The district court sentenced Fisher to 60 months on Count 1 and 120 months on Count 2, 20 months to be served concurrently and 100 months to be served consecutively, for a total of 160 months of imprisonment.

In this timely appeal, Fisher contends that his sentence is unreasonable because the government failed to prove obstruction of justice by a preponderance of the evidence. "We review the district court's findings of fact for clear error, but review de novo its determination whether specific facts constitute an obstruction of justice under the sentencing guidelines." *United States v. Williams*, 709 F.3d 1183, 1185 (6th Cir. 2013). USSG § 3C1.1 provides for a two-level increase in a defendant's offense level "[i]f . . . the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." Examples of obstruction of justice include "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so," and "committing, suborning, or attempting to suborn perjury." USSG § 3C1.1, comment. (n.4(A) & (B)). The government bears the burden of proving by a preponderance of the evidence that the enhancement applies. *United States v. Dunham*, 295 F.3d 605, 609 (6th Cir. 2002).

According to the facts set forth in the presentence report, Fisher told law enforcement that he placed the marijuana in the center console and that his passenger, Marquise Levell Manns, placed the handgun in the compartment. Manns and Sheila Porter, Fisher's wife, later spoke with law enforcement. Manns denied that the gun belonged to him. Manns reported that

Fisher called him from jail and told him, "You know what you got to do. I need you." The probation officer reviewed Fisher's calls from jail, in which Fisher repeatedly told Manns and Porter that Manns "would need to take the case for him." After Fisher's release from jail, Manns reported, Fisher went to Manns's residence and told him to tell law enforcement that the gun belonged to him, stating that Manns would receive probation because he did not have a criminal record. Porter confirmed that Fisher asked Manns to take the blame for the gun. The district court determined that Fisher attempted to suborn perjury by asking Manns to falsely claim ownership of the gun, which alone would support application of the obstruction of justice enhancement. *See United States v. Bingham*, 81 F.3d 617, 632 (6th Cir. 1996) (upholding obstruction of justice enhancement where defendant attempted to suborn perjury by telling his girlfriend "that if she did not testify that a particular gun was hers, he would get into a lot of trouble and he did not want to go back to prison").

The district court went on to address the evidence of witness intimidation also supporting application of the obstruction of justice enhancement. According to the presentence report and the defense proffer, Fisher and his family members went to Porter's house and asked her to testify on his behalf at his detention hearing; Porter told them no. Porter reported to law enforcement that Fisher punched a boy who was sleeping on the couch; that Fisher's brothers assaulted Manns, who was sleeping in a bedroom; and that Fisher punched her in the face and yelled, "Bitch." Manns reported that, during the assault, Fisher said to him, "You ain't gonna help me?" With respect to this incident, the district court stated: "The only, I think, reasonable inference at that point is that Mr. Fisher is trying to send a very direct message that if you're not going to help me, people get hurt."

Manns and Porter reported that, after this incident with Fisher and his family, they continued to receive threats from Fisher by way of telephone calls and text messages. In addition, Fisher admittedly set fire to Porter's vehicle. The district court acknowledged that Fisher's threats and arson could be motivated in part by "domestic issues"—his jealousy over Manns's relationship with Porter—but could also be construed "as an ongoing campaign of harassment and threat" to keep Manns and Porter in fear. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Fisher argues that, because there was sufficient evidence to convict him without the testimony of Manns and Porter, they were not witnesses subject to intimidation for purposes of the obstruction of justice enhancement under USSG § 3C1.1. Fisher cites no authority in support of his argument, which lacks merit because both Manns and Porter were potential witnesses. As the district court pointed out, Manns's testimony would have been "front and center" if Fisher "took the position at trial that it was Manns'[s] gun." Fisher and his family specifically sought Porter's testimony for his detention hearing.

Sufficient evidence supported the district court's determination that Fisher attempted to suborn perjury and intimidated witnesses. Accordingly, the district court properly applied the obstruction of justice enhancement under USSG § 3C1.1. We affirm Fisher's sentence.