United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2007**

Charles R. Fulbruge III
Clerk

REVISED June 11, 2007

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40895
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFTON TERAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-722-6

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Clifton Teran appeals a non-Guidelines statutory maximum
sentence imposed by the district court following his guilty plea
conviction for conspiracy to bring undocumented aliens into the
United States for private financial gain, in violation of 8 U.S.C.
§ 1324(a)(2)(B)(ii) and (a)(1)(A)(v)(I). Teran challenges several
sentencing enhancements used to determine his offense level and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also argues that his sentence at the statutory maximum was unreasonable. We affirm.

Teran's challenges to the correctness of the court's guidelines calculation may be readily disposed of. First, Teran contends that the district court erroneously applied an enhancement under U.S.S.G. § 2L1.1(b)(2)(C) for more than one hundred aliens being involved in the offense because the court included aliens that were trafficked prior to his joining the conspiracy. The presentence report (PSR) shows, however, that at least one hundred one aliens were actually apprehended during the time period alleged in the indictment. Further, ledgers found in stash houses referenced one hundred eighty-eight aliens who were harbored during that time frame. There is no clear error by the district court. See United States v. Angeles-Mendoza, 407 F.3d 742, 750 (5th Cir. 2005); see also § 2L1.1(b)(2)(C).

Teran also argues that the district court erroneously applied an enhancement under § 2L1.1(b)(5) for intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person. The PSR and testimony at sentencing showed, however, that at least sixty-nine aliens were kept in severely overcrowded conditions in two rear bedrooms of a stash house without running water or air conditioning, allowed to use restroom facilities and given water only once per day from a hose extended from a nearby residence, and threatened and beaten for making noise. The evidence at sentencing also showed that many of

2

the aliens had been transported to the stash houses in the beds of pickup trucks. The severely overcrowded conditions and dangerous transportation of the aliens created a substantial risk of serious bodily injury, and the district court did not err. See Angeles-Mendoza, 407 F.3d at 750-51; United States v. Cuyler, 298 F.3d 387, 390-91 (5th Cir. 2002); § 2L1.1, comment. (n.6).

Teran next argues that he should not have received an enhancement under § 2L1.1(b)(6) for bodily injury from a sexual assault because there was no evidence that any women were sexually assaulted. The district court relied on facts in the PSR and testimony at sentencing from an investigating agent detailing both physical and sexual abuse of the aliens. Material witnesses and codefendants provided statements that support the district court's finding that sexual abuse occurred.

Teran also argues that the district court erroneously applied an enhancement for being an organizer or leader. Teran admitted at his rearraignment that he recruited at least one codefendant to act in the conspiracy. Further, evidence from the investigating agent and the PSR also show that Teran recruited and supervised other participants, arranged for stash houses, made and received financial payments for the organization, and claimed a larger share of the proceeds from the criminal venture. There is no error in the organizer or leader enhancement. See § 3B1.1(a) & comment. (n.4).

3

Overarching his guidelines calculation challenges, Teran contends that his one hundred twenty-month sentence, equal to the statutory maximum and exceeding the advisory guideline range of seventy-eight to ninety-seven months, was unreasonable. He asserts that the district court failed to thoroughly articulate its reasons for the sentence, failed to account for a factor that should have received significant weight (<u>i.e.</u>, that he had zero criminal history points), and committed a clear error of judgment in balancing the sentencing factors.

The district court may impose a non-guideline sentence that is higher or lower than the relevant Guidelines provide. <u>United States v. Smith</u>, 440 F.3d 704, 707 (5th Cir. 2006). Because the court here did not indicate that it was upwardly departing or reference a Guidelines upward departure provision, this court treats the sentence as a non-guidelines sentence. <u>See</u> <u>United States v. Armendariz</u>, 451 F.3d 352, 358 n.5 (5th Cir. 2006). When a district court deviates from the Guidelines, this court conducts its reasonableness review "through an abuse-of-discretion lens, paying particular attention to the specific reasons" for the deviation. <u>Id.</u> at 358.

Before imposing a non-guideline sentence, a district court must consider the Guidelines and "should utilize the appropriate Guideline range as a frame of reference." <u>Smith</u>, 440 F.3d at 707 (internal quotation marks and citation omitted). "[T]he district court must more thoroughly articulate its reasons when it

4

imposes a non-Guideline sentence than when it imposes a sentence under authority of the Sentencing Guidelines." Id. The district court's reasons must be fact specific and consistent with the § 3553(a) factors;[1] however, a checklist recitation of the § 3553(a) factors is not necessary for a non-guideline sentence to be reasonable. Id. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." Id. at 708.

As discussed above, the district court properly calculated the guideline range. The court also expressly noted that the guidelines are advisory, and it used the range as a frame of reference. See Smith, 440 F.3d at 707. The court's discussion of its deviation from the Guidelines was brief but adequate to explain its reasoning. The court noted the "extreme nature of this

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (B) afford adequate deterrence to criminal conduct, (C) protect the public from further crimes, and (D) provide the defendant with needed medical care or other correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the applicable guidelines; (5) any pertinent policy statements; and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See § 3553(a).

5

crime" and "the impact it's had on so many hundreds of victims." The court thus considered the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the conduct. See § 3553(a)(1), (a)(2)(A). The court also stated "that this gentleman also has significant un-prosecuted conduct because of his juvenile status." The PSR showed that Teran and his family members had been apprehended twenty-six times without prosecution because of their juvenile status at the time. The district court explicitly acknowledged Teran's past criminal history and the need for the sentence to provide just punishment and promote respect for the law. See § 3553(a)(3); Smith, 440 F.3d at 709 (court properly considered defendant's criminal history and juvenile convictions unaccounted for in the guideline sentence). As further justification for its sentence, the district court referred to the "pervasive nature of the crime," and it expressly referenced the § 3553(a) factors given "the Court's desire . . . to provide for adequate deterrence, protect the public from further crimes, to reflect the seriousness of this offense and to promote respect for the law and to provide just punishment." Finally, the degree of the district court's twenty-three-month deviation from the maximum guideline range was not unreasonable.[2] See Smith, 440 F.3d at 708 n.5, 709-10 (sentence at the statutory maximum of

---

[2]Teran makes no argument that his sentence was unreasonable because of an unwarranted sentence disparity among his codefendants. See Blue brief, 39-41.

6

sixty-month sentence, which was more than double the guidelines range, was reasonable).

Teran fails to show that the district court did not account for a factor that should have received great weight, gave significant weight to an irrelevant factor, or committed a clear error of judgment in balancing the sentencing factors. See id. at 708. Because the district court "committed no legal error in the sentencing procedure . . . the sentence must be given great deference." Id. at 710.

For the foregoing reasons, the district court's judgment is **AFFIRMED**.