# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2010

No. 09-40678

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTONIO RODOLFO TORRES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09cr210

Before JOLLY and DENNIS, Circuit Judges, and JORDAN, District Judge.[*]

PER CURIAM:[**]

Defendant-Appellant Antonio Rodolfo Torres pleaded guilty to one count of transporting an illegal alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Torres contends the district court erred in adjusting his offense level for "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person" based on Torres's transportation of

---

[*] District Judge, Southern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under limited circumstances as set forth in 5TH CIR. R. 47.5.4.

four illegal aliens in the sleeper compartment of his tractor-trailer, one of whom was hiding under the sleeping area. U.S. Sentencing Guidelines Manual § 2L1.1(b)(6). For the following reasons, we vacate the sentence and remand for resentencing.

On February 23, 2009, Border Patrol Agents conducted a search of Torres's tractor-trailer at the Sarita, Texas checkpoint. Two adults were found in the sleeping area. After the adults exited, the agents heard an eight-year-old child crying to her mother. The child then removed herself from the space under the sleeping area and exited the tractor-trailer without assistance. The space where she was hiding was approximately fifteen inches high, fifteen inches deep, and thirty-six inches wide. It was solid on three sides, and the front was covered by a vinyl curtain. The agents found a second child in the closet of the sleeping compartment.

Section 2L1.1(b)(6) provides as follows: "If the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, increase by 2 levels, but if the resulting offense level is less than level 18, increase to level 18." U.S. Sentencing Guidelines Manual § 2L1.1(b)(6). In the Presentence Report ("PSR"), the Probation Officer recommended the reckless endangerment enhancement under § 2L1.1(b)(6). Torres filed written objections to the PSR and renewed those objections at sentencing. In particular, he challenged the applicability of the reckless endangerment enhancement, arguing that the eight-year-old hiding under the sleeping area was not exposed to a substantial risk of death or serious bodily injury. The district court overruled Torres's objection regarding the reckless endangerment enhancement and adopted the PSR as the court's findings of fact.

We review "a district court's interpretation of the guidelines *de novo* and its factual determination for clear error." *United States v. Solis-Garcia*, 420 F.3d

511, 514 (5th Cir. 2005). Torres does not dispute the facts found by the district court, but contends the district court erred in its interpretation of the guidelines and its application of factual findings to the reckless endangerment enhancement. Thus, our review of the application of the guidelines is *de novo*.

In deciding whether to apply the reckless endangerment enhancement, district courts are to consider five non-exhaustive factors: (1) the availability of oxygen; (2) exposure to temperature extremes; (3) the alien's ability to communicate with the driver of the vehicle; (4) the alien's ability to exit the vehicle quickly; and (5) the danger to the alien if an accident occurs. *United States v. Garza*, 587 F.3d 304, 310 (5th Cir. 2009); *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006). It is not *per se* reckless endangerment merely to transport aliens unrestrained in an area of the vehicle not normally intended for travel. *United States v. McKinley*, 272 F. App'x 412, 413 (5th Cir. 2008) (unpublished) (finding enhancement not warranted where one alien was found in the sleeper cab closet and three aliens were found "beneath a mattress"); *United States v. Solis-Garcia*, 420 F.3d 511, 516 (5th Cir. 2005) (finding enhancement not warranted where four aliens were lying in the cargo area of a minivan).

Here, the district court adopted the PSR as its findings of fact. In doing so, it adopted the recommendation to apply the enhancement because "[t]he area dimensions where the 9 year-old was concealed measured approximately 15 inches high by 15 inches deep by 36 inches wide. This confined space subjected the child to a substantial risk of death or serious bodily injury and warrants the adjustment."

While the space under the sleeping area in Torres's tractor-trailer was small, so was the child. Moreover, the child was not separated from the driver's cab area, was near her mother and the driver, and could communicate with

others. An agent testified that there was no lack of oxygen. Similarly, there was no finding that she was exposed to extreme temperatures, and the parties agree the child exited the tractor-trailer without assistance.

Section 2L1.1(b)(6) requires a case-specific analysis. *Solis-Garcia*, 420 F.3d at 516. While "[t]he application of the [§ 2L1.1(b)(6)] enhancement is meant to be flexible; . . . its words must be given some restrictive meaning." *Id.* Given the fact findings as adopted from the PSR, we cannot conclude that Torres created a *substantial* risk of *death* or *serious bodily injury* by transporting a child in the space under the sleeping area of his tractor-trailer. *Id.*; *see also McKinley*, 272 F. App'x at 414 ("On the evidence presented, there were no extreme temperatures, the aliens could communicate freely with McKinley, there were doors for relatively easy escape, there was normal airflow, and it was not more dangerous to lie in the sleeper compartment than it would have been to travel without a seatbelt."). [1]

For the foregoing reasons, we VACATE Torres's sentence and REMAND for resentencing in accordance with this opinion.

---

[1] To the extent the Government suggests that the enhancement applies for lack of a seatbelt, this alone will not satisfy § 2L1.1(b)(6). *Zuniga-Amezquita*, 468 F.3d at 890 ("The risk must, however, be greater than that of an ordinary passenger not wearing a seatbelt in a moving vehicle.").