## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2013

No. 12-41019
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO LUIS TREVINO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-628-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pedro Luis Trevino appeals his sentence for harboring illegal aliens in violation of 8 U.S.C. § 1324. He contends that the district court erred by increasing his sentence under U.S.S.G. § 2L1.1(b)(6) based on a finding that he recklessly endangered the aliens by housing them in overcrowded, dangerous, or inhumane conditions.

We review de novo whether conduct qualifies as reckless endangerment; but we review for clear error the facts underlying that legal conclusion. *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41019

*States v. Mata*, 624 F.3d 170, 173-74 (5th Cir. 2010). The district court was "permitted to draw reasonable inferences from the facts," and we review those inferences for clear error. *United States v. De Jesus-Ojeda*, 515 F.3d 434, 442 (5th Cir. 2008) (internal quotation marks and citation omitted).

Examples of conduct to which § 2L1.1(b)(6) applies include "harboring persons in a crowded, dangerous, *or* inhumane condition." § 2L1.1, comment. (n.5) (emphasis added). Trevino does not contend that holding 73 people in a house with a single bathroom was not overcrowding or inhumane. Indeed, he has admitted that the conditions there were "not acceptable" and "inhumane." But he argues that the Government was required to prove some additional, specific danger or risk arising from these conditions. However, the examples listed in Application Note 5 under § 2L1.1 describe situations that pose "inherent" risks of danger. *See United States v. Mateo Garza*, 541 F.3d 290, 293-94 (5th Cir. 2008); *United States v. Garcia-Guerrero*, 313 F.3d 892, 896 (5th Cir. 2002).

The court did not err by finding that the conditions were overcrowded or inhumane, and there was no need to further catalog and prove every possible harm that could have resulted from that inherently dangerous situation. The judgment is AFFIRMED.