# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40780
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE CRUZ JASSO-VAZQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-634

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Cruz Jasso-Vazquez appeals his 42-month sentence for harboring illegal aliens in violation of 8 U.S.C. § 1324. For the first time on appeal, he argues that the district court erred by imposing a two-level enhancement under U.S.S.G. § 2L1.1(b)(6) based on a finding that he recklessly endangered the aliens by housing them in overcrowded conditions. According to Jasso-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40780

Vazquez, the court was required to find more than overcrowding before the enhancement could be imposed.

Because Jasso-Vazquez did not object to this enhancement, we review his claim for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish plain error, Jasso-Vazquez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.*

Examples of conduct to which § 2L1.1(b)(6) applies include "harboring persons in a crowded, dangerous, *or* inhumane condition." § 2L1.1, comment. (n.5) (emphasis added). The evidence reflects that 132 illegal aliens were discovered in a 400- or 600-square-foot residence lacking electricity or running water that was drinkable. There was a single bathroom to be used by the aliens. The front door to the residence was locked and there were burglar bars on the windows. The temperature outside the residence was approximately 85 degrees, and the agents reported feeling the body heat coming out of the open windows of the residence. Under the circumstances, the district court did not commit a clear or obvious error in accepting the finding of the probation officer that the overcrowded conditions warranted the enhancement. *See Puckett*, 556 U.S. at 135. Consequently, the judgment of the district court is AFFIRMED.