# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40506
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ELIAS ESCOBAR-HERNANDEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1148

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Elias Escobar-Hernandez appeals the sentence imposed following his guilty-plea conviction for conspiracy to harbor undocumented aliens within the United States. He argues that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2L1.1(b)(6) based on its finding that he intentionally or recklessly created a substantial risk of death or serious bodily injury to the aliens. He asserts that the district court erred in imposing this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement because the aliens were not held in crowded or unsafe conditions for a long time period and there was no evidence that the aliens were actually uncomfortable or feared for their physical safety.

Although Escobar-Hernandez raises a new argument challenging the enhancement, he is essentially attempting to distinguish the cases in which this court has upheld the application of this enhancement.  His objection to the enhancement was sufficient to preserve this issue for appeal. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).  We need not determine whether de novo review or the more deferential clear-error review applies because we would affirm under either standard of review.

Section 2L1.1(b)(6) provides that a defendant's offense level should be increased two levels "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." The commentary to §2L1.2(b)(6), in the 2013 Guidelines under which Escobar-Hernandez was sentenced, defined reckless conduct as follows:

> Reckless conduct to which the adjustment . . . applies includes a wide variety of conduct (*e.g.*, transporting persons in the trunk or engine compartment of a motor vehicle, carrying substantially more passengers than the rated capacity of a motor vehicle or vessel, or harboring persons in a crowded, dangerous, or inhumane condition).

U.S.S.G. § 2L1.1 cmt. n.5 (2013).

The district court did not err in applying the § 2L1.1(b)(6) enhancement based on its finding that the aliens were housed in crowded, dangerous, or inhumane conditions.  Eight of the aliens were housed in a 10 x 10 foot detached room with one bed, one window, no bathroom, and no air conditioning during July when the high temperatures were 97 to 99 degrees.  The aliens were instructed not to be loud, not to open the door (although the door was open), and not to go outside.  This court has upheld the application of this

enhancement under similar circumstances.  See *United States v. Jasso-Vasquez*, 579 F. App'x 267, 268 (5th Cir. 2014) (upholding enhancement where 132 aliens were held in a locked 400 to 600 square foot house, with no electricity, no running water that was drinkable, and only one bathroom when the temperature was approximately 85 degrees); *United States v. Magallan-Rodriguez*, 530 F. App'x 318, 319-22 (5th Cir. 2013) (upholding enhancement where approximately 47 aliens were held in several small buildings for many weeks); *United States v. Teran*, 236 F. App'x 82, 83-84 (5th Cir. 2007) (upholding enhancement where approximately 69 aliens were held in two bedrooms of a house with no running water, no air conditioning, and limited access to drinking water and restrooms).  This court has not held that § 2L1.1(b)(6) requires the Government to prove that aliens were held in such dangerous conditions for long periods of time.  Therefore, Escobar-Hernandez has not shown that the district court erred in imposing the § 2L1.1(b)(6) enhancement in the instant case.  *See Jasso-Vasquez*, 579 F. App'x at 268; *Magallan-Rodriguez*, 530 F. App'x at 319-22; *Teran*, 236 F. App'x at 83-84.

AFFIRMED.