# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-40933
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2016

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO DAVID BRIONES-MARIN,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-239-1

————

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sergio David Briones-Marin appeals his sentence for harboring undocumented aliens for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II), and (a)(1)(B)(i). He complains that the district court erroneously applied the reckless-endangerment enhancement under U.S.S.G. § 2L1.1(b)(6) because the offense involved harboring undocumented aliens in a crowded, dangerous, or inhumane condition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40933

This court reviews challenges to the application of the sentencing guidelines de novo. *United States v. Torres*, 601 F.3d 303, 305 (5th Cir. 2010) (per curiam).

Under § 2L1.1(b)(6), a defendant's sentence for the offense of harboring an undocumented alien is enhanced if the offense involved "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." The commentary to the provision explains that the enhancement applies to "a wide variety of conduct." U.S.S.G. § 2L1.1 cmt. n.5. Examples of qualifying conduct include "harboring persons in a crowded, dangerous, or inhumane condition." *Id.*

Briones-Marin harbored 27 undocumented aliens in a one-bedroom, one-bathroom stash house. The house was sparsely furnished with only a sofa, kitchen table, and one air mattress. Briones-Marin slept on the lone air mattress, and the undocumented aliens slept on the floor with sheets. The house had running water and electricity. Border patrol agents found little food in the house, but there was evidence that food and water was being provided for the undocumented aliens. The undocumented aliens were in the house for several days, possibly up to 15 days. At the time the undocumented aliens were found, the temperature outside was a mild 70 degrees. None of the undocumented aliens requested medical treatment.

Briones-Marin argues that § 2L1.1(b)(6) requires proof of a specific danger in addition to overcrowding. But such a requirement would be inconsistent with the provision's commentary, which lists the qualifying conditions as "crowded, dangerous, *or* inhumane." § 2L1.1 cmt. n.5 (emphasis added). And this court has never announced such a requirement and has, in fact, rejected substantially similar arguments that such a requirement exists. *See United States v. De La Cruz-Bautista*, 607 F. App'x 373, 375 (5th Cir. 2015);

No. 15-40933

*United States v. Jasso-Vazquez*, 579 F. App'x 267, 268 (5th Cir. 2014); *United States v. Trevino*, 532 F. App'x 552, 552 (5th Cir. 2013).

Still, application of the reckless-endangerment enhancement in this case is, as the district court observed, "a close call." But even if the district court erred in applying the reckless-endangerment enhancement, its statements during sentencing that the enhancement did not affect the selected sentence—an upward variance of 72 months of imprisonment—rendered any error harmless. "A procedural error during sentencing is harmless if the error did not affect the district court's selection of the sentence imposed." *United States v. Garcia-Figueroa*, 753 F.3d 179, 192 (5th Cir. 2014) (quotation marks and citation omitted).

The district court stated that it was "going to give the same sentence regardless of whether that overcrowding enhancement should or should not be applied." The district court went on to explain that its chosen non-Guidelines sentence was appropriate given that there were "so many other greater influences on the [c]ourt's sentence" under the [18 U.S.C.] § 3553(a) factors. In particular, the court focused on Briones-Marin's sexual assault of two female undocumented aliens at the stash house.

Because the district court's statements at sentencing demonstrate that the reckless-endangerment enhancement's applicability did not affect its selected sentence, any error is harmless. *See United States v. Gutierrez-Mendez*, 752 F.3d 418, 430 (5th Cir. 2014) (relying on similar statements to conclude that any error in the application of sentence enhancements was harmless).

For the foregoing reasons, we AFFIRM.