# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41117
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA NAVARRETE-DE GRUBICH,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-974-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Maria Navarrete-De Grubich appeals the sentence for her conviction of conspiracy to harbor unlawful aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(A)(v)(I), & (a)(1)(B)(i). She argues that there was insufficient evidence for the district court's imposition of three guidelines enhancements: (1) harboring 100 or more undocumented aliens based on ledgers found in a stash house under U.S.S.G. § 2L1.1(b)(2); (2) harboring an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41117

unaccompanied minor under § 2L1.1(b)(4); and (3) the intentional or reckless creation of a substantial risk of death or serious bodily injury under § 2L1.1(b)(6).

We review a district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). Relevant conduct findings under U.S.S.G. § 1B1.3 are subject to clear error review. *See United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010). There is no clear error if the sentencing court's finding is plausible in light of the record as a whole. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

For the purposes of these three enhancements, Navarrete-De Grubich has not specifically argued that the relevant information in the presentence report (PSR) was unreliable, and she did not present any rebuttal evidence. *See Zuniga*, 720 F.3d at 591. At any rate, the district court did not clearly err in basing the enhancement for harboring 100 or more aliens on the discovery of the ledgers in the first stash house, as discussed in the adopted PSR. *See id.*; *United States v. Angeles-Mendoza*, 407 F.3d 742, 750 n.14 (5th Cir. 2005). Likewise, the district court did not clearly err in basing the enhancement for the harboring of an unaccompanied minor on the unrebutted findings in the adopted PSR. *See Zuniga*, 720 F.3d at 591. Finally, the district court did not err in imposing the reckless endangerment enhancement in light of the unrebutted findings in the adopted PSR that some of the undocumented aliens were transported in a locked refrigerator trailer in January 2018. *See United States v. Ruiz-Hernandez*, 890 F.3d 202, 212 (5th Cir.), *cert. denied*, 139 S. Ct. 278 (2018); *United States v. Torres*, 601 F.3d 303, 305 (5th Cir. 2010); *see also, e.g., United States v. Garza*, 587 F.3d 304, 310-11 (5th Cir. 2009).

AFFIRMED.

2