# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-51060
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

JOSE LUIS DIAZ-LIRA,

     Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-447-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jose Luis Diaz-Lira pleaded guilty to two counts of transportation of illegal aliens, and the district court sentenced him to concurrent terms of 18 months of imprisonment and concurrent three-year terms of supervised release. Diaz-Lira argues that the district court erred in applying the U.S.S.G. § 2L1.1(b)(6) enhancement because there was no evidence that the conditions

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51060

of the Jeep Cherokee in which the aliens traveled created a substantial risk of bodily injury or death.  Diaz-Lira further contends that he was merely a guide for the aliens and asserts that it was not foreseeable that the other participants in the smuggling operation would utilize one vehicle to transport the 10 aliens.

We review a district court's interpretation and application of the Guidelines *de novo* and its factual findings for clear error.  *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016).  There is no clear error if the sentencing court's finding is plausible in light of the record as a whole. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).  We need not decide whether the standard of review is *de novo* or for clear error because Diaz-Lira fails under the less deferential *de novo* standard.  *See United States v. Frye*, 489 F.3d 201, 209 (5th Cir. 2007).

Section 2L1.1(b)(6) provides for a two-level increase if "the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person."  Reckless conduct under § 2L1.1(b)(6) includes a "wide variety of conduct," such as transporting persons in the trunk of a motor vehicle and carrying "substantially more passengers than the rated capacity of a motor vehicle."  § 2L1.1(b)(6), comment. (n.3).

Regardless whether Diaz-Lira actually knew that the migrants would travel in one vehicle, his role as a guide and in coordinating the meeting point with the driver made it reasonably foreseeable that serious bodily injury or death could occur based on the method of transportation.  *See United States v. Najera*, 915 F.3d 997, 1000, 1002 (5th Cir. 2019); *United States v. De Jesus-Ojeda*, 515 F.3d 434, 443–44 (5th Cir. 2008).

Similarly, the district court did not err in imposing the enhancement on the basis of the number of aliens inside the Jeep Cherokee.  As reflected in the adopted presentence report, the Jeep Cherokee was overloaded with aliens, increasing the risk of an accident due to tire failure, negatively impacted

2

No. 19-51060

vehicle handling, and increased stopping distance.  If an accident or collision occurred due to these problems or for any other reason, the aliens would have been at an increased risk of injury or death because many of them would not have had access to seat belts.  *See United States v. Torres*, 601 F.3d 303, 305 (5th Cir. 2010).  Additionally, it is possible that the aliens would have difficulty exiting the vehicle quickly due to it being overloaded.  *See id.*  These factors demonstrate the substantial risk of death or serious bodily injury.  *See id.*  Accordingly, the district court did not err in imposing the § 2L1.1(b)(6) enhancement.  *See* § 2L1.1(b)(6), comment. (n.3); *Torres-Hernandez*, 843 F.3d at 207; *Zuniga*, 720 F.3d at 590.

AFFIRMED.